[S. F. No. 3263.   Department Two.—May 6, 1905.]

## HUMBOLDT LUMBER MILL CO., Appellant, v. EDWARD CRISP et al., Respondents.

MECHANICS' LIENS—BUILDING DESTROYED BY FIRE—LIEN NOT ALLOWED UPON LAND.—Under the Mechanics' Lien Law, a claim of lien has nothing upon which it can attach, where the building, while uncompleted, was destroyed by fire without the fault of the owner, and the claim was subsequently filed only upon the vacant land. The completed building is made the principal thing upon which the right of lien is given, and the land upon which it is situated is an incident of its completion; and if there is no building, the court cannot determine that any land "may be required for its convenient use."

ID.—THEORY OF STATUTE — EQUITABLE RIGHTS OF LIEN CLAIMANT — CONSIDERATION—BENEFIT TO OWNER—LOSS OF BUILDING AND LIEN. —The Mechanics' Lien Law proceeds upon the theory that the laborer or materialman has an equitable right to follow his labor or material into the building of which it is a component part, and that the benefit conferred upon the owner thereby is the consideration for conferring the right of lien. This consideration does not exist where the building is destroyed before completion and delivery thereof to the owner; and the lien in such case must share the fate of the building.

APPEAL from a judgment of the Superior Court of Marin County. F. M. Angellotti, Judge.

The facts are stated in the opinion.

Samuel Rosenheim, and A. G. & H. K. Eells, for Appellant.

Adams & Adams, for Edward Crisp, Respondent.

GRAY, C.—This action was brought to enforce mechanics' liens upon three acres of land owned by defendant upon which a house in course of construction had been destroyed by fire, without any fault of the owner, before it was completed, and before the claim of lien was filed. The defendant had judgment, and the plaintiff appeals therefrom.

We are of opinion that under the peculiar language of our Mechanics' Lien Law the lien has nothing to which it can attach if filed after the destruction of the building.

Section 1185 of the Code of Civil Procedure provides: "The land upon which any building, improvement, well, or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment is also subject to the lien, if at the commencement of the work, or of the furnishing of the materials for the same, the land belonged to the person who caused said building, improvement, well, or structure to be constructed, altered, or repaired, but if such person owned less than a fee-simple estate in said land, then only his interest therein is subject to such lien." If there is no building it will be impossible for the court to determine that any land "may be required for its convenient use." In this case it was essential that the findings should dispose of all questions as to the land that might be necessary for the convenient use of the building; and accordingly the court did find "that the said land is not, nor is any part thereof, required for the convenient use and occupation of the building for and upon which plaintiffs furnished labor and material."

This finding was the logical deduction from the other findings of the court to the effect that before the building was completed, before it was delivered to the owner, and before any lien was filed, it was destroyed by fire without any fault of defendant. In view of these findings and the above-quoted statute, the court could enter no judgment decreeing a lien upon any land. It would not fit the language of the code nor answer the requirements thereof to confine the findings to "such portion of the land as *was necessary* for the convenient use and occupation of the building designed," as contended by appellant; for the code says, "so much as *may be required* for the convenient use and occupation thereof." This language looks to an existing house that can be occupied in the future, and not to a vacant lot upon which no house exists.

In addition to the foregoing considerations our Mechanics' Lien Law proceeds upon the theory that the laborer and materialman has an equitable right to follow his labor and material into the building of which it has become a component part and have a lien on the building because it contains in it such labor and material, and that it is not just that the owner should succeed to that labor and material without seeing to it

that compensation is rendered therefor to the persons furnishing such labor and material.

In *Tuttle* v. *Montford,* 7 Cal. 358, it is said: ''The lien of the mechanic, artisan and materialman is more equitable and more favored in law, because these parties have, at least in part, created the very property upon which the lien attaches.''

In *Avery* v. *Clarke,* 87 Cal. 628,[1] it is said: ''The principle upon which liens are allowed in favor of mechanics and materialmen is, that their labor and materials have given value to the buildings upon which they have been expended, and that it is inequitable that the owner of the land who has contracted with them for such improvement or who has stood by and seen the improvement in progress without making objection, should have the benefit of their expenditures without making compensation therefor.''

In *Davies Henderson Lumber Co.* v. *Gottschalk,* 81 Cal. 641, it is said: ''The owner is not made personally liable to the materialman, but his property is made liable for the material which he has actually received and retains in his building. This it seems to us is eminently just and right.''

The decisions in this state seem to regard the benefit conferred upon the owner by placing the labor and materials in his building as the true consideration for conferring the right of lien upon the parties furnishing such labor and materials. It cannot be said that this consideration exists where, as in this case, the building is destroyed before completion and before delivery to the owner. Here the owner has not derived, and can never derive, any benefit from the labor and materials furnished.

A further reason why the lien should not apply to the land in this case is found in a consideration and comparison of sections 1183 and 1185 of the Code of Civil Procedure. The first of these sections gives a lien ''upon the property upon which they have bestowed labor or furnished materials.'' The second section cited says that certain land ''is also subject to the lien.'' In these provisions we see an intention of the legislature to make the lien on the building the principal thing, and the lien upon the land on which it is situated an incident of the completion of the building, and that when the building is destroyed before completion, there can be no lien

---

[1] 22 Am. St. Rep. 272.

against the land on which it was being erected: "That the lien shared the fate of the building; and that the reason for binding the land ceases with the destruction of the building." (*Goodman* v. *Baerlocher*, 88 Wis. 287;[1] *Presbyterian Church* v. *Stettler*, 26 Pa. St. 246; *Wigton & Brooks's Appeal*, 28 Pa. St. 163; Civ. Code, sec. 3540.)

The above and foregoing constructions of our Mechanics' Lien Law also find support in the following well-considered cases: *Coddington* v. *Hudson etc. Dry Dock Co.*, 31 N. J. L. 477; *Wood & Co.* v. *Wilmington Conference Academy*, 1 Marvel (Del.) 416; *Holzhour* v. *Meer*, 59 Mo. 434; *Shines's Executrix* v. *Heimburger*, 60 Mo. App. 174.

The courts of several of the states undoubtedly hold that the mechanics' lien extends to the land even though the building be destroyed before completion; but an examination of these cases discloses that in many instances they turn upon the peculiar language of the statute there under consideration, charging the land primarily with the lien. It will be unnecessary to review the cases from those states which adhere to the doctrine last referred to. It is sufficient to say that we concur in the reasoning of those cases cited from Pennsylvania and Wisconsin. The mechanics' lien statutes of these two states seem to accord most nearly with our own. There are, however, stronger reasons to be found in our statutes why the lien should not apply to the land, the building being destroyed, than are to be found in the statutes of any other state. One of these reasons is already adverted to, and consists in the fact that the land to which the lien is to apply must be designated by the court, and is limited to the convenient occupation of the building.

We advise that the judgment be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., Lorigan, J., McFarland, J.

[1] 43 Am. St. Rep. 893, and note.