[Civ. No. 701. First Appellate District.—February 8, 1910.]

SAGE WATSON, Appellant, v. ALTA INVESTMENT COMPANY et al., Respondents. WESTERN FUEL COMPANY, Intervener, Appellant.

BUILDING CONTRACT—UNCOMPLETED BUILDING DESTROYED BY FIRE—RULE OF SUBSTANTIAL PERFORMANCE INAPPLICABLE — BASIS OF RULE.—The rule that when a building contract has been substantially performed by the contractor, he may recover against the owner notwithstanding there may be some trivial imperfection in the work, is based upon the theory that the owner has received the benefit of the work, and can be protected against loss, by an allowance of damages for trivial omissions or imperfections. But such rule cannot apply when the uncompleted building was destroyed by fire, so that the owner has received or accepted no benefit from the work, and cannot recoup damages for imperfections in it, notwithstanding the value of the work remaining to be done was only $48.

ID.—STIPULATION IN CONTRACT—LOSS BY FIRE AND EARTHQUAKE—APPORTIONMENT.—Where there was an express stipulation in the contract that where the building provided for should, before completion, be wholly destroyed by fire, defective soil, earthquake or other act of God, the loss occasioned thereby should be sustained by the owner to the extent that he has made payments on the contract, or which may then be past due, and that the contractor must bear the loss of all installments not then due, and the uncompleted building was destroyed by the public calamity in San Francisco of April 18, 1906, the contractor cannot recover either the completion or final payments on the contract.

Id.—Validity of Stipulation.—Such stipulation in the contract is perfectly lawful; and the courts should give effect to it according to its terms.

Id.—Mechanic's Lien not Enforceable.—No mechanic's lien can be enforced on vacant land when the building to the erection of which the work or material was contributed was destroyed by fire without the fault of the owner.

Id.—Rule of Implied Covenant for Value of Work on Destroyed Building Inapplicable — Express Covenant as to Loss.—The rule that there is an implied covenant that the building contracted for shall continue in existence, and that a destruction thereof before completion of the contract excuses further performance by the contractor, and entitles him to recover for the value of the work up to the time of destruction, has no application, where there is an express covenant as to how the loss should be borne, in case the building should be destroyed, as it was, by fire or earthquake.

Id.—Lien Claimant not Entitled to Judgment Against Contractor.—Where the contract between the contractor and the lien claimant, who was a subcontractor, expressly stipulated that the work to be done should be done by the claimant according to the terms of the contract and specifications between the owner and contractor, and a copy of that contract was attached to and became part of the subcontract, the subcontractor is bound by its terms, and cannot recover against the contractor, on deferred payments which the contractor must lose by the terms of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   George H. Buck, Judge presiding

The facts are stated in the opinion of the court.

Olney, Pringle & Mannon, Jas. Alva Watt, and Max Thelen, for Appellant.

A. G. & H. K. Eells, and W. F. Williamson, for Respondents.

KERRIGAN, J.—This is an action by plaintiff, as assignee of Watson Bros., for the foreclosure of a mechanic's lien as against the Alta Investment Company, and for the recovery of money due on an express contract as against James Crichton.

The Alta Investment Company entered into a contract with James Crichton, by the terms of which Crichton was to do all the granite and brick-work on a building being erected by said company. Shortly thereafter Crichton entered into a contract with Watson Bros., a copartnership, according to the terms of which they were to carry out and be bound by the agreement between the Alta Investment Company and Crichton, except that they were to receive a bonus of $100 from Crichton. Under these contracts the work was to be paid for as it progressed in four equal installments. After the first two payments had been made the building, through no fault of any of the parties hereto, was entirely destroyed by the calamity of April 18, 1906, which visited San Francisco and vicinity. The third payment was to be made on the completion of the building, and the fourth was to be made thirty-six days thereafter.

If the building was completed prior to its destruction these two payments became obligatory, and judgment should have gone against the defendants.

The contract between the Alta Investment Company and Crichton contained the following provisions:

"Fifth. The owner agrees to pay $13,000 at times and in the manner following, to wit: . . . Third payment three thousand two hundred and fifty ($3,250) dollars when all work is completed and accepted.

"Fourth. Payment, $3,250 thirty-six days after all work is completed and accepted and notice of completion is filed in the office of the County Recorder.

"Provided that when each payment or installment shall become due, and at the final completion of the work, certificates in writing shall be obtained from said architect stating that the payment or installment is due or work completed, as the case may be, . . .

"Twelfth. In case said work herein provided for should, before completion, be wholly destroyed by fire, defective soil, earthquake or other act of God which the contractor could not have reasonably have foreseen and provided for, then the loss occasioned thereby shall be sustained by the owner to the extent that he has paid installments thereon, or that may be due under the fifth clause of this contract; and the loss occasioned thereby and to be sustained by the contractor shall

be for the uncompleted portion of said work upon which he may be engaged at the time of the loss, and for which no payment is yet due under said fifth clause of this contract. . . .''

The court found ''That said work was not completed, nor was the same accepted; . . . that said architect refused to give said certificate for the reason that said work was not done nor completed to his satisfaction nor at all.'' Also that before completion of either the building or of plaintiff's work the building was, without fault of defendant or of any of the parties to the action, ''wholly and entirely destroyed by fire'' in the calamity of April, 1906, and that at no time thereafter ''was there said or any building or structure upon said land.''

The finding of the court that the contract was uncompleted is based on evidence which shows that the value of the work remaining to be done was $48. Plaintiff contends that when this amount is compared with the contract price of the granite and brick-work, i. e., $13,000, the conclusion is irresistible that the work left undone is of a trivial nature, and therefore that the finding that the contract was not completed is unsupported by the evidence. To sustain this position he cites us to a number of mechanics' lien cases which hold that when the work has been substantially performed the contractor may recover against the owner, notwithstanding that there may be some trivial imperfection in the work. The theory of those cases seems to be that the owner receives the benefit of the work of the contractor, and can be protected by an allowance of damages for trivial omissions or imperfections. But in this case the owner has not received or accepted the benefit of the work, and he cannot recoup damages for the imperfections in it, for which reasons the doctrine of those cases is inapplicable. Moreover the parties to the contract, in paragraph fifth thereof, stated what they meant by the word ''completion,'' and in the twelfth paragraph they expressly stipulated precisely as to where the loss should fall in the event of the destruction of the building by fire or earthquake.

Recently, in passing upon this exact question, in the case of *Seeback* v. *Kuhn*, 9 Cal. App. 485, [99 Pac. 723], this court said: ''Undoubtedly the rule is well established that in

ordinary cases the contractor in a building contract may recover against the owner, notwithstanding that he has not strictly complied with his contract because of minor defects and imperfections, and even omissions, not willful or fraudulent. This rule is sometimes spoken of as the modern equitable doctrine of substantial performance. It rests for its justification upon the proposition that in such cases the owner has either accepted the benefit of the work of the contractor, or because of the nature of the transaction he perforce receives such benefit to his property, and may be protected from actual pecuniary loss by a recoupment in damages for deficiencies and imperfections. Oftentimes minor defects and imperfections occur in the construction or repair of buildings without intentional fault of the contractor. For such defects the owner may be readily made whole by an allowance of damages. So, too, under the mechanics' lien law it is provided that for the purpose of filing liens a building shall not be held uncompleted because of trivial imperfections (citing cases). But we do not think that the doctrine of substantial performance has any application to this case. The defendant did not accept the work or enter into the use and possession of the building. He did not and cannot receive any benefit from the work done, and he cannot be made whole by any allowance for damages for incomplete performance. Each and all of the just and equitable principles upon which the doctrine of substantial performance rests are absent from this case. It manifestly is not a case where both parties may be protected from loss. On the contrary, when the parties to the contract framed the fire and earthquake clause, they had in mind a contingency under which one or both parties must suffer a loss. They deliberately undertook to provide how that loss should be borne. The contract that they made is perfectly lawful, and we know of no reason why courts should not give it effect according to its terms.''

A further reason why the plaintiff cannot recover against the Alta Investment Company is that there can be no mechanic's lien on vacant land when the uncompleted building, without fault of the owner, has ceased to exist. (*Humboldt L. M. Co.* v. *Grisp,* 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30].)

Plaintiff contends that the law reads into contracts of this character an implied covenant that the building on which the work shall be done must continue in existence, and that a destruction thereof before the completion of the contract excuses further performance by the contractor, and entitles him to recover for the value of the work done up to the time of the destruction. But inasmuch as the contracts in this case expressly provided how the loss should be borne in case the building should be destroyed by fire or earthquake, there is no room for the application of that principle.

Plaintiff suggests that the Alta Investment Company-Crichton contract was only referred to and attached to the contract between Crichton and Watson Bros. for the purpose of showing what work was to be done, and that the latter contract does not include the fifth and twelfth paragraphs hereinabove quoted, but that the work having been substantially completed he is entitled to recover as against defendant Crichton. The contract between Watson Bros. and Crichton stipulated that the work to be done on the building in question by Crichton should be done by Watson Bros. according to the "terms" of the agreement and "specifications," etc., of the contract between the Alta Investment Company and Crichton, and a copy of that contract was attached to and made a part of the subcontract. Plaintiff's position in this regard is without merit. One of the terms of the original contract was that if the building should be destroyed before completion the contractor should stand the loss for all payments not due, and this provision by reference became one of the terms of the contract between Watson Bros. and Crichton. The payments under the second contract were to be made at the same time as those under the first contract, and the amounts of the payments were the same except that the third payment from Crichton to Watson Bros. was to contain the $100 bonus. The reference clearly imports the incorporation of all the terms of the original contract into the contract between Watson Bros. and Crichton, including those now in question.

Thus it appears that the plaintiff should not recover on the contract as against defendant Crichton, nor has he any right

of lien as against the property of the Alta Investment Company.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on April 7, 1910.