[Civ. No. 993.   First Appellate District.—May 21, 1912.]

## L. A. KERN, Respondent, v. SAN FRANCISCO COMPANY, a Corporation, et al., Defendants; A. B. McCREERY, Appellant.

MECHANICS' LIENS—DESTRUCTION OF COMPLETED BUILDING BY FIRE—LIENS UPON LAND NOT ATTACHABLE.—Where a completed building is destroyed by fire before any liens were filed thereon, such lien cannot attach upon the land, which is a mere incident of the building, and if no lien is or could be acquired upon the building, none is acquired upon the land. No lien is acquired by the mere completion of the building, as such completion must be followed by the filing of a claim of lien upon the building before its destruction, else it has no existence.

ID.—UNSUPPORTED FINDING—PORTION OF BUILDING NOT DESTROYED.—It is held that the finding of the trial court that a portion of the front of the building was not destroyed is not supported by the evidence, which shows a total destruction of the building by the fire of April 18, 1906, and wholly fails to support the finding.

ID.—DESCRIPTION OF LAND OCCUPIED BY BUILDING—INSUFFICIENT COMPLAINT.—Where the complaint to foreclose a lien upon the land on which the building stood describes the whole of the land by twelve exterior dimensions, and does not allege that the building occupied the entire parcel, or show what portion thereof was covered or occupied by the building, the complaint states no cause of

action for any lien upon the land, in any event, and a finding in the language of the complaint cannot support a judgment foreclosing such lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

H. H. McPike, for Appellant.

F. J. Kierce, and Walter Christie, for Respondent.

HALL, J.—Plaintiff, as assignee of Kern Bros., recovered judgment against appellant, subjecting the land of appellant to the lien of Kern Bros. as original contractors for the construction of a building for a lessee of appellant. The appeal is from this judgment, and was taken within thirty days after the rendition and entry thereof. The building was completed and accepted on the eleventh day of April, 1906.

Appellant, as a special defense, pleaded that on the eighteenth day of April, 1906, the said building was totally destroyed by fire and earthquake.

The claim of lien was filed by plaintiff's assignors on the fourth day of June, 1906.

The court found that the building was destroyed by fire on the eighteenth day of April, 1906, "except a portion of the front of the building which still remains."

Appellant attacks the sufficiency of the evidence to support the finding to the effect that a portion of the front of the building was not destroyed and still remains.

The court seems to have been of the opinion that if the building was ever completed, the lien attached upon its completion to the land necessary for its convenient use and occupation as it stood when completed, notwithstanding that it may have been subsequently destroyed before the filing of a claim of lien, for the court found "That all of said land hereinbefore described was necessary for the convenient use and occupation of the building which was erected thereon, as hereinbefore found, and which was standing thereon at the time of the completion thereof," and accordingly gave judgment

for a lien against the land so found necessary for the convenient use of the building as it stood when completed.

This we think to be an incorrect interpretation of the law.

The lien which contractors and materialmen acquire against the land upon which a building is constructed is incident to and grows out of the lien upon the building thus constructed. If no lien is ever acquired upon the building, no lien is acquired upon the land. No lien is acquired by the mere completion of the building. The completion of the building must be followed by the filing of a claim of lien. Until this is done, no lien is acquired either upon the building or the land. If the building be destroyed before the filing of the claim of lien, no lien can be acquired upon such building, and in consequence no lien can be acquired against the land.

This is the view of the law taken in *Humboldt Lumber Mill Co.* v. *Crisp*, 146 Cal. 686, [106 Am. St. Rep. 75, 2 Ann. Cas. 811, 81 Pac. 30], where the court said: ''We are of opinion that under the peculiar language of our mechanic's lien law the lien has nothing to which it can attach if filed after the destruction of the building.'' It is true that in the case just cited the building was destroyed before completion; but the reasoning of the court is not based upon that incident, and the cases cited in the decision with approval from the state of Pennsylvania, where the statute is similar to ours, fully support the rule that the lien is lost, or rather is never acquired, if the building be destroyed before the filing of the claim of lien.

In *Presbyterian Church* v. *Stettler*, 26 Pa. 246, the building was completed, but was destroyed before the filing of the lien; and it was held that no lien was acquired upon the land.

The same was true in *Wigton & Brook's Appeal*, 28 Pa. 161.

In *Coddington et al.* v. *Dry Dock Co.*, 31 N. J. L. 477, it was held as to a dock: ''It must have stood on the land when first erected, and continued to stand thereon until the lien claim was filed.''

In *Wood & Co.* v. *Wilmington Conference Academy*, 1 Marv. (Del.) 416, [41 Atl. 89], it was held that the lien was lost by the destruction of the building after the bringing of the action.

The reasoning of the Pennsylvania cases above referred to is not only approved in *Humboldt Lumber Mill Co.* v. *Crisp*,

146 Cal. 686, [106 Am. St. Rep. 75, 2 Ann. Cas. 811, 81 Pac. 30], but it is there said: "There are, however, stronger reasons to be found in our statutes why the lien should not apply to the land, the building being destroyed, than are to be found in the statutes of any other state."

In the case at bar, if the building was destroyed before any claim of lien was filed no lien was ever acquired upon the land. "The incident follows the principal, and not the principal the incident." (Civ. Code, sec. 3540.)

The judgment rendered by the court in the case at bar is based upon the theory that plaintiff is entitled to a lien upon such land as was necessary for the convenient use and occupation of the building as it stood when completed, although the building was before the filing of the claim of lien destroyed. As above indicated, this is an erroneous theory of the law, and the judgment is therefore erroneous.

This brings us to the consideration of the sufficiency of the evidence to sustain that portion of the finding to the effect that a portion of the front of the building was not destroyed; for if a portion of the building remains, it may be that plaintiff would have a lien for some portion of his claim against such portion and such land as may be necessary for its convenient use. The only evidence in the record upon the subject is that the building "was totally destroyed through the earthquake and fire . . . on the eighteenth day of April, 1906," and that "they were practically all destroyed" on the eighteenth day of April, 1906, by fire and earthquake. There is not a word to support the finding that a portion of the front of the building was not destroyed.

The judgment must be reversed for another reason. The complaint describes a parcel of land upon which it is alleged the building was constructed. The boundaries of this one parcel of land are set forth in twelve calls of the dimensions as follows: Thirty-nine feet, fifty-seven feet, one hundred and eighty-nine feet, forty-three feet, sixteen feet, forty-three feet, two hundred and forty feet, one hundred and fifty feet, three hundred feet, seventy-one feet, one hundred and eighty-four feet, twenty-two feet, finally closing at the point of commencement. It does not appear from the complaint that the building occupied the entire parcel, nor does it appear what portion thereof was covered or occupied by the building. It

is not alleged in the complaint what, or that any, portion of the land is necessary for the convenient use and occupation of the building. There is no allegation in the complaint upon the subject. The finding on this point is therefore not within the issues, and will therefore not support the judgment. In other words, the complaint does not state a cause of action against appellant. (*Green* v. *Chandler*, 54 Cal. 626; *Willamette S. M. Co.* v. *Kremer*, 94 Cal. 205, [29 Pac. 633].)

The judgment appealed from is reversed.

Lennon, P. J., and Kerrigan, J., concurred.