Argued March 13, decided April 1, 1913.

## CHENOWETH v. SPENCER.

(131 Pac. 302.)

**Mechanics' Liens—Property Subject—Land.**

Section 7416, L. O. L., provides that every mechanic or person furnishing material in the construction of a building shall have a lien thereon. Section 7417 provides that the land upon which

any building shall be constructed, together with the convenient space about the same, or so much as may be required for the convenient use and occupation thereof, shall be subject to the liens created by this act, if, when the work is commenced, the land belongs to the person who caused the building to be constructed, but, if he owns less than a fee, then only his interest therein shall be subject to a lien. Section 7419 provides that every building constructed upon any land with the knowledge of the owner shall be held to have been constructed at his instance, and his interest shall be subject to any mechanic's lien, unless he shall, within three days after having obtained knowledge of the construction, give notice that he will not be responsible for the same. Held, that as Section 7419 did not change the lien given by Section 7417, and the lien upon the land was a mere incident to the lien upon the building, and for the convenient use and occupation thereof, a mechanic takes no lien upon land owned by one who did not cause the building to be erected, even though the owner did not give the required notice, where the building was destroyed before completion.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by A. E. Chenoweth against F. W. Spencer, doing business as Spencer Hardware Company, Otto Hansen, J. W. Meredith, Perfection Sewing Cabinet, a corporation, The Chas. K. Spaulding Logging Company, a corporation, and C. A. Rainwater. The facts are as follows:

Defendant Meredith, being the owner of lots 1, 3, and 4, block 3, Depot Addition to the City of Salem, on June 14, 1910, entered into a contract with Emig and Yates, by which he sold to them the said lots for the price of $4,800, to be paid in installments. Upon said lots there were situated a building and certain machinery. By the terms of said contract the purchasers were to have possession, and were to keep the building and machinery insured for the benefit of Meredith. The purchasers paid upon the said purchase price $250 at the date of the purchase, $1,100 on August 1, 1910, and $1,500 on

August 17, 1910.  On or about the 1st day of July, 1910, the building and machinery were destroyed by fire. Thereafter, during the year 1911, certain buildings were erected on said lots, and on lot 2 of said block, said lot 2 being owned by Voget, by the Perfection Sewing Cabinet Company, a corporation, organized by Emig and Yates and successors to them in the right to the possession of said lots 1, 3, and 4; and it is for material furnished by the plaintiff and the defendants Spencer and Hansen, respectively, for which materialmen's liens are claimed, and are herein sought to be foreclosed.  The plaintiff on June 24, 1911, filed a notice of lien under the statute with the clerk of Marion County, Oregon, setting forth a statement of his demand and of a lien upon the said building and lots in the sum of $77.60.  Thereafter, prior to the completion of the said building, and prior to the commencement of this case, said building was destroyed by fire, and plaintiff brings this suit to establish and foreclose his lien against said lots 1, 3, and 4.  Defendant F. W. Spencer answered, setting up a lien in the sum of $209, notice of which was filed on June 17th.  Defendant Otto Hansen in his answer set up a lien in the sum of $240.76, having filed his notice of claim July 6th.  Defendant Meredith answered, denying the allegations of the complaint, and alleging his ownership of lots 1, 3, and 4, his contract of sale thereof to Emig and Yates, the destruction of the building on the property after he sold the same, and that the liens do not extend to the lots; the buildings which were the basis of the liens having been destroyed.  The construction of the buildings was commenced about January, 1911, but they were not completed, having been destroyed by fire on the 12th day of August, 1911.  This suit was commenced on August 19, 1911.  Upon the trial of the case in the circuit court, findings and decree were made and rendered in favor of plaintiff, Spencer, and Hansen, as prayed for, and Meredith appeals.          Reversed: Suit Dismissed.

For appellant there was a brief and an oral argument by *Mr. George G. Bingham.*

For respondents there was a brief over the names of *Mr. Walter C. Winslow, Mr. John D. Turner* and *Messrs. Carson & Brown,* with oral arguments by *Mr. Winslow* and *Mr. Turner.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The principal question raised by this appeal is whether the lien of mechanics and materialmen for material and labor furnished in the construction of the building exists upon the lot after the destruction of the building by fire; the owner of the building being in possession of the lots under a contract of purchase, the title remaining in the vendor, and a large part of the purchase price of the lots being unpaid. We must look, first, to the terms of our statute as to how and when the lien will also include the land. Section 7416, L. O. L., provides:

"Every mechanic * * and other person * * furnishing material * * in the construction * * of any building * * shall have a lien upon the same (the building) for the work or labor done * * or material furnished at the instance of the owner of the building * * and every contractor * * shall be held to be the agent of the owner (of the building) for the purposes of this act."

Section 7417, L. O. L., provides:

"The land upon which any building * * shall be constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof * * shall also be subject to the liens created by this act, if, at the time the work was commenced * * the said land belonged to the person who caused said building * * to be constructed; * * but, if such person owned less than a fee simple estate in such land, then only his interest therein shall be subject to such lien," etc.

By these two sections it is plain the intendment is that the lien shall extend only to the building erected or

repaired and to the land upon which it is situated and a convenient space about the same to the extent of the interest therein of the person who caused the building to be constructed. However, Section 7419, L. O. L., which was a part of the same act, namely, a part of the act of 1885, provides:

"Every building * * constructed upon any lands with the knowledge of the owner [of the lands] * * shall be held to have been constructed at the instance of such owner [of the land]; * * and the interest owned * * shall be subject to any lien filed in accordance with the provisions of this act, unless such owner [of the land] * * shall, within three days after he shall have obtained knowledge of the construction * * give notice that he will not be responsible for the same, by posting," etc.

The plain purpose of this section is to make the interest of the owner of the land subject to the lien, as provided in Section 7417, L. O. L., unless the notice provided for is given, but not to impose upon him all the liabilities of the person who caused the building to be constructed. It does not modify nor in any manner affect the extent or character of the lien upon the land as provided by Section 7417, L. O. L. That is an incident to the lien on the building for the convenient use and occupation thereof.

There is some apparent conflict in the authorities as to whether the lien attaches to the land at all events. In *Wigton & Brooks' Appeal,* 28 Pa. 161, *Schukraft et al.* v. *Ruck et al.,* 6 Daly (N. Y.) 1, *Wood & Co.* v. *Wilmnigton Conference Academy,* 1 Marvel (Del.) 416 (41 Atl. 89), and *Humboldt Lumber Mill Co.* v. *Crisp,* 146 Cal. 686 (81 Pac. 30: 106 Am. St. Rep. 75: 2 Ann. Cas. 811), the lien includes the land only as an incident to the lien on the building, and, when the building is destroyed by fire or other accident, the lien ceases. In other states, such as Illinois, Indiana, Massachusetts, Minnesota, Mississippi, and Texas, it is held that the lien attaches to the land

originally, and not alone as an incident to the lien on the building. By an examination of the decisions in the states mentioned and the statutes thereof, it is disclosed that the apparent conflict in the decisions depends entirely upon the difference in statutes. In Pennsylvania and California the statutes are identical with the Oregon statute, while in Mississippi the "lien shall extend to and cover the entire lot of the land," etc. In Minnesota the lien is upon the building and upon the interest of the owner of the building in the land on which it is situated. In Illinois the statute provides:

"Shall have a lien upon the whole of such lot * * shall extend to the estate of the owner of the building (where he is the owner of the lot)."

In Texas the lien is on the building and on the lot necessarily covered thereby. It appears in most of those statutes that the lien is on the building and ground only to the extent of the interest of the person constructing the building, while in a case such as the one involved here the theory of the lien against the lot is that the lot gets the benefit of the expenditure. If, however, the lien attaches to the lot of a stranger to the contract for the building, and the building is destroyed, the lot owner would get nothing. He was not a party to nor a beneficiary of the improvement, yet his lot would be sold to pay a large debt not incurred for anything that was ever to come to him or by which he was to benefit, which would be very inequitable, a result not contemplated by our lien law, and a condition not coming within its terms. Meredith holds the title to these lots, but had no part or interest in the construction of the building by contract or otherwise. The lienors may have a right to be subrogated to the rights of Emig and Yates or of the Perfection Sewing Cabinet Company in the lots, but there is no theory upon which Meredith should be held liable for the debt of the Perfection Sewing Cabinet Company when

Sig. 18

he has received no part of the consideration, and is not a party to the debt by contract. Such liability was not contemplated by the statutes of Minnesota, Illinois, and other states in which it is held that the lot is subject to the lien, even if the building be destroyed, as in those states the lien extends only to the lot to the extent of the interest of the owner of the building, and they do not contemplate such a case as the present one, but only a lien on the lot of the person constructing the building and on the interest he may have in the lot at the time of making the contract. But the title of Meredith to the land, who was a stranger to the contract for the building, is not involved. Illinois Revised Stat. 1911, Section 15, p. 1477. In Minnesota the laborer has a lien upon the building and on the right, title, and interest of the owner thereof in the land upon which the same is situated, and therefore, under the decisions in that state, the lien does not extend to the interest of a stranger to the contract who may own the fee. The holding in those states would not make the interest of Meredith in these lots liable to the lien. The case of *Humboldt Lbr. Co.* v. *Crisp*, 146 Cal. 686 (81 Pac. 30: 106 Am. St. Rep. 75: 2 Ann. Cas. 811), was a case like the one before us. The California statute providing for the lien on the building also provides: "The land upon which any building * * is constructed, together with a convenient space about the same * * is also subject to the lien." And it is held: "If there is no building it will be impossible for the court to determine that any land 'may be required for its convenient use.' * * In these provisions [referring to the statute] we see an intention of the legislature to make the lien on the building the principal thing, and the lien on the land on which it is situated an incident of the completion of the building, and that when the building is destroyed before completion, there can be no lien against the land on which it was being created. * * " There is a note to this case in 2 Ann.

Cas. 811, which makes the distinction between the doctrine of this case and that of the Illinois, Indiana, and other like cases.   We think the reasoning in the California case cited is sound, that it is applicable to the Oregon lien statute, and that it should control in the case before us.

The decree will be reversed, and the suit dismissed.

REVERSED: SUIT DISMISSED.