[Civ. No. 1738.   Third Appellate District.—October 16, 1917.]

JOHN PILSTRAND, Respondent, v. HAROLD H. GREENAMYRE et al., Appellants.

MECHANIC'S LIEN—DESTRUCTION OF BUILDING—LOSS OF LIEN.—A mechanic's lien fully perfected by filing the same upon the completion of the building does not attach to the land upon the subsequent destruction of the building by fire, since the lien includes the land only as an incident to the use and occupation of the building.

ID.—FORECLOSURE OF LIEN—JOINT PERSONAL JUDGMENT—EVIDENCE.—In an action to foreclose a mechanic's lien, a joint personal judgment against two defendants must be reversed as to both, where there is no evidence to show the personal liability of one of the defendants.

APPEAL from a judgment of the Superior Court of Plumas County.   J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, and L. H. Hughes, for Appellants.

M. C. Kerr, for Respondent.

BURNETT, J.—This is an action for a personal judgment against defendant, Greenamyre, and to foreclose a mechanic's lien for work alleged to have been performed by respondent, Pilstrand, for appellant, Greenamyre, in or about a building on land of which Greenamyre was in possession under an agreement of sale from appellant Stivers, who is the owner of the land. The lower court rendered a decree in favor of plaintiff, Pilstrand, against both defendants, and this appeal is from the judgment. Since this appeal was perfected, so it is stated by respondent and not denied by appellant, the building has been totally destroyed by fire, without insurance, and Greenamyre has abandoned all interest in the property and removed therefrom.

It is therefore the claim of respondent that the question before us is moot, and that the appeal should be dismissed. But accepting the fact as stated, the question would then arise whether a mechanic's lien fully perfected by filing the same upon the completion of the building survives the de-

struction of the building and continues thereafter on the land which was found to be necessary to and for the convenient use and occupation of the building.

There is some apparent conflict in the authorities as to whether the lien attaches to the land at all events. On the one hand it is held by those jurisdictions adopting the so-called Pennsylvania rule that the lien includes the land only as an incident to the lien on the building, and when the building is destroyed, the lien ceases. On the other hand, it is held that the lien attaches to the land originally, and not alone as an incident to the lien on the building. The difference, however, will be found to arise from a difference in the text of the mechanic's lien laws rather than from any real difference in principle. In California the so-called Pennsylvania rule is followed. It has thus been decided that the destruction of the building prior to its completion destroys the lien, though the claim was subsequently filed against the land. (*Humboldt Lumber Mill Co.* v. *Crisp*, 146 Cal. 686, [106 Am. St. Rep. 75, 2 Ann. Cas. 811, 81 Pac. 30] ; *Watson* v. *Alta Investment Co.*, 12 Cal. App. 560, [108 Pac. 48].) Where the building is completed, but destroyed without fault of either party, prior to the filing of any claim, the same conclusion is reached, and the lien is held to suffer the same fate as the building. (*Kern* v. *San Francisco Co.*, 19 Cal. App. 157, [124 Pac. 862].) In *Chenoweth* v. *Spencer*, 64 Or. 540, [Ann. Cas. 1914D, 678, 131 Pac. 302], it appears that land was held under contract of purchase. The vendee contracted for the erection of a building, and work was started. The materialmen filed their liens, but before completion the building was destroyed. Under statutes the same as those in California, it was held that the lien was destroyed. There can be no difference in principle between the above case and the case where, as here, the building is both completed and the claim filed prior to the destruction of the building. Whatever lien exists upon the land does so only because primarily it existed upon the building, for the convenient use and occupation of which the land is included. There can be no doubt that if no incidental right was given against the land upon which the building rests, but the building was solely liable to the lien, a destruction of the building, even after completion and the filing of the claim, would necessarily work a loss of the lien. There would be nothing left to which the lien

could fasten. It can hardly be doubted, then, that the lien ceases to exist upon the land, for the principle carries with it the incident. And it is so held in *Gross* v. *Camp,* 4 Pa. Co. Ct. Rep. 461; *Baird* v. *Otto,* 12 Pa. Co. Ct. Rep. 510; *Campbell* v. *Coolbaugh,* 3 Luz. Leg. Reg. (Pa.) 93. In *Baird* v. *Otto* the court, after citing cases holding that the lien is destroyed where the building is destroyed before the claim is filed, declares: "Nor is the principle any different where the building is destroyed after the lien is filed. . . . The filing of the lien and the proceedings subsequently taken thereon are merely the statutory methods presented for enabling a contractor or builder to enjoy the fruits of his lien which the law gives him. His situation is that by the statute he has a lien upon the 'building' and the statute incidentally adds as much of the realty as the enjoyment of the building requires, but if the building is gone, there is no longer any of the realty required for the use of that building, and the supplemental right to add any of the realty to the building disappears with the destruction of the building." However, this question was not before the trial judge and is not presented by the record before us. We merely suggest the foregoing in view of the possibility of a new trial.

There is sufficient evidence to support a personal judgment against appellant Greenamyre, but no such judgment was rendered, it being, if anything, joint against both defendants. There was no evidence to show the personal liability of Stivers. We cannot therefore affirm the judgment in any respect, but must reverse it, and this will carry with it the enforcement of the lien.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.