In re SAN JOAQUIN VALLEY PACKING CO.   DODD v. SAN JOAQUIN LUMBER CO.   DODD et al. v. SAME.

(Circuit Court of Appeals, Ninth Circuit. January 21, 1924. Rehearing Denied March 3, 1924.)

No. 4078.

1. Insurance ⊕⟹580(2)—Lienor not entitled to share in proceeds of insurance policy, obtained by trustee in bankruptcy.

Where trustee in bankruptcy insured a building belonging to the bankrupt estate, upon which petitioner had a mechanic's lien, *held*, that petitioner is not entitled to share in the proceeds of the policy received by reason of a fire totally destroying the building.

2. Insurance ⊕⟹115(2)—Both owner and lienor have insurable interest in building.

Both owner and one having a mechanic's lien on a building have an insurable interest in it.

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Insurance ⬯580(2)—Holder of mechanic's lien has no claim upon insurance money.**

Where the owner of a building insures his interest therein against loss by fire, the holder of a mechanic's lien on the realty has no claim upon the proceeds of the insurance money, unless by contract the owner was obliged to insure for his benefit.

**4. Bankruptcy ⬯192—Mechanic's lien not affected by bankruptcy.**

Under Bankruptcy Act, § 67d (Comp. St. § 9651), a mechanic's lien on a building belonging to the bankrupt estate is not affected by bankruptcy.

**5. Bankruptcy ⬯245—Trustee is trustee for bankrupt and unsecured creditors, and not for secured creditors.**

The trustee in bankruptcy is not a trustee for fully secured lien creditors, but is a trustee for the bankrupt and the unsecured creditors.

**6. Bankruptcy ⬯123, 231—Secured creditors not entitled to vote.**

Under Bankruptcy Act, § 56b (Comp. St. § 9640), a fully secured lien creditor has no voice in the selection of a trustee, and is not entitled to vote at creditors' meeting.

**7. Bankruptcy ⬯474—Lien creditor not liable for cost of insurance and general administration.**

A fully secured lien creditor is not answerable for any of the cost of insurance on the bankrupt's property, or for any of the cost of the general administration of the estate.

**8. Bankruptcy ⬯327(2)—Lien creditor can subject security to payment before proving claim.**

It is not necessary for a fully secured lien creditor to prove his claim before he can subject the security or its proceeds to the payment thereof.

Appeal from and Petition to Revise the Order of the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

In the matter of the San Joaquin Valley Packing Company, bankrupt, in which R. H. Dodd was appointed trustee in bankruptcy. A claim of the San Joaquin Lumber Company was allowed by the District Court, and the referee seeks review thereof, both by appeal and by petition to review. Decree reversed, with instructions to disallow. the claim, and appeal dismissed.

Lafayette J. Smallpage and Wm. T. Hawkins, both of Stockton, Cal. (Louttit, Stewart & Louttit, of Stockton, Cal., of counsel), for appellant and petitioner.

Nutter, Hancock & Rutherford, of Stockton, Cal., for respondent and appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1] The San Joaquin Valley Packing Company, constructed a building and placed certain machinery therein, and the respondent herein filed a mechanic's lien upon the property for lumber furnished in the construction of the building. The packing company was later adjudged a bankrupt. Its trustee in bankruptcy caused the building to be insured in the sum of $10,000, and the machinery therein to be insured in a like amount; policies payable to the trustee. The building and the machinery were totally destroyed by fire, and the trustee collected $19,000 on the policies. The respondent, as holder of a valid mechanic's lien on the building, claimed to be

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

subrogated to the insurance money so received by the trustee. The referee disallowed the claim, but the court below held that the lien on the building followed the insurance money, and that the respondent was entitled to the full payment of its claim.

[2-4] The trustee brings a petition to revise the judgment. No precedent is found for the precise problem here presented, but it is believed that certain settled principles of law lead directly and conclusively to its solution. We are led to inquire first what respective rights as to insurance had the owner of the building and the lien claimant before bankruptcy intervened. At that time each had an insurable interest in the property. The respondent could have insured to the full amount of his claim. The owner could have insured to the full amount of the value of the property. If, while such insurance policies were in existence, the building had been destroyed by fire, each could have recovered according to his interest, but the destruction of the property would have destroyed the mechanic's lien. Humboldt Lumber Mill Co. v. Crisp, 146 Cal. 686, 81 Pac. 30, 106 Am. St. Rep. 75, 2 Ann. Cas. 811; Pilstrand v. Greenamyre, 34 Cal. App. 799, 168 Pac. 1161. And where the owner of real estate insures his interest therein against loss by fire, the holder of a mechanic's lien on the property has no claim upon the proceeds of the insurance money, unless by contract the owner was obligated to insure for his benefit. Imperial Elevator Co. v. Bennett, 127 Minn. 256, 149 N. W. 372; Healey Ice Mach. Co. v. Green (C. C.) 181 Fed. 890. The same is true of the relation between mortgagor and mortgagee, landlord and tenant, lessor and lessee. 14 R. C. L. 1367; 26 C. J. 436, 438, 445; In re West Norfolk Lumber Co. (D. C.) 112 Fed. 759; Farmers' Loan, etc., Co. v. Pennsylvania Plate Glass Co., 186 U. S. 434, 22 Sup. Ct. 842, 46 L. Ed. 1234; In re Balsier (D. C.) 215 Fed. 134; Sisk v. Rapauano, 94 Conn. 294, 108 Atl. 858, 11 A. L. R. 1291; Millard v. Beaumont, 194 Mo. App. 69, 185 S. W. 547; Oldham v. Boston Ins. Co., 189 Ky. 844, 226 S. W. 106, 16 A. L. R. 305. The reason of the rule is that, as between the insurer and the insured, a policy of fire insurance is purely a matter of personal contract. It does not attach to the insured property, nor does it run with the title thereto. It is in itself the measure of the rights of all persons under it, and its provisions must govern in determining who are the beneficiaries. Said the court in Columbian Ins. Co. v. Lawrence, 10 Pet. 507, 9 L. Ed. 512:

"We know of no principle of law or of equity, by which a mortgagee has a right to claim the benefit of a policy underwritten for the mortgagor on the mortgaged property, in case of a loss by fire. * * * It is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor."

[5-8] The respondent's lien on the building was not affected by the bankruptcy. Section 67d (Comp. St. § 9651). The trustee's relation to the property was the same as that of the owner prior to bankruptcy. He stood in the bankrupt's shoes, so far as the question here presented is concerned. It is only with relation to certain additional powers, conferred by special provisions of the act and not involved here, that the trustee's relation to the property differs from that of the prior own-

er. Both the trustee and the respondent had an insurable interest in the building. The trustee was under no greater obligation to protect the lien of the respondent than had been the owner prior to bankruptcy. The trustee was not trustee for fully secured lien claimants. He was trustee for the bankrupt and the unsecured creditors. In bankruptcy proceedings these two classes of creditors stand upon a widely different footing. The fully secured lien claimant has no voice in the selection of a trustee, and is not entitled to vote at creditors' meetings. Section 56b (Comp. St. § 9640); In re Eagles (D. C.) 99 Fed. 695; 1 Loveland on Bankruptcy, 580. Nor is he answerable for any of the cost of insurance on the bankrupt's property, or for any of the costs of the general administration of the estate. In re Williams' Estate, 156 Fed. 934, 84 C. C. A. 434; Gugel v. New Orleans Nat. Bank, 239 Fed. 676, 152 C. C. A. 510. Nor is it necessary for him to prove his claim before he can subject the security or its proceeds to the payment thereof. In re Goldsmith (D. C.) 118 Fed. 763; In re North Star Ice & Coal Co. (D. C.) 252 Fed. 301; Oilfields Syndicate v. American Improvement Co. (C. C. A.) 260 Fed. 905.

Guided by these considerations, we find no ground for holding that the respondent has a lien upon the insurance money received by the trustee. The decree is reversed with instructions to affirm the disallowance of the claim. The appeal herein is dismissed.