In the Matter of RENO PARK HOME SALES, INC., dba U. S. Mobile Homes, Debtor.

ANDERSON AUTOMOTIVE INC., a Nevada Corporation, Plaintiff,

v.

RENO PARK HOME SALES, INC., dba U. S. Mobile Homes; and Patricia G. Stephens, Defendants.

Bankruptcy No. 80–00203.
Adversary No. 80–0028.

United States Bankruptcy Court,
D. Nevada.

July 18, 1980.

tered herein on April 11, 1980, and defendant-trustee holds $13,572.12 received April 18, 1980 from New Hampshire Insurance Company which constitutes payment of various insured claims including the claim made for expenses and damages in connection with the particular mobile home trailers which plaintiff serviced and repaired.

To the extent that money represents payment for the recovery work and repair performed by plaintiff, the complainant believes he is entitled to payment.

■ Plaintiff was requested long before bankruptcy by the debtor to upright the trailers and after repairs tow them back to debtor's then place of business.[1] Debtor maintained insurance for property damage to its property with New Hampshire Insurance Company, but there was no agreement that plaintiff's work would be covered by insurance nor was the work ordered by an adjuster for the insurance carrier.

■ The matter of insurance for property damage is a personal contract between the insured and insurer, and, unless there are express statutory provisions to the contrary, the holder of a lien for repairs of the property has no right to the proceeds of insurance taken out by the owner and made payable to himself, especially where such owner has not bound himself to carry insurance for the repairman's benefit. See Annotation 9 A.L.R.2d 299.

■ The proceeds of the policy represent a debt from the carrier to the insured based upon a claim as defined in the policy. The lien of plaintiff attaches to the property but not to the money which was not contracted for by any obligation to plaintiff. *Re San Joaquin Valley Packing Co.*, 295 F. 311 (9th Cir. 1924), cert. denied, 265 U.S. 583, 44 S.Ct. 459, 68 L.Ed. 1191; *Walsh v. Tadlock*, 104 F.2d 131 (9th Cir. 1939), cert. denied, 308 U.S. 584, 60 S.Ct. 107, 84 L.Ed. 489. In the latter case additional recovery was denied to a holder of a materialman's lien on a boat under a policy

Allison, Brunetti, MacKenzie & Taylor, Ltd. by Mike E. Pavlakis, Carson City, Nev., for plaintiff.

Harkins & Beckett, Ltd. by Nicolaus R. Harkins, Carson City, Nev., for debtor and trustee.

## OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

Plaintiff seeks recovery of $1,030.64 for services furnished October 1979, when it was called to upright and repair two mobile home trailers. An order for relief was en-

---

1. Under Nevada law plaintiff is entitled to a lien for services and repairs even though possession was released to the debtor. NRS 108.-267. The present whereabouts of the mobile home trailers are unknown.

(except as to the amount specifically provided by the contract of insurance for the materialman) which provided payment to persons as their interests may appear.

Plaintiff argues that, in any event, the proceeds of the claim should be paid over because it is the custom and usage that insurance proceeds for property damages be paid to the repairman or lienholder. No evidence of such usage or custom was shown. The existence of a course of dealing or usage and custom are to be proved as facts. NRS 104.1205(2).

Complaint dismissed.