[Argued November 12;  decided December 17, 1894.]

## CHAMBERLAIN v. HIBBARD.

[S. C. 38 Pac. Rep. 437.]

1. MECHANICS' LIEN — STATEMENT OF AMOUNT DUE — CODE, § 3673. — A mechanics' lien is not invalidated by the fact that owing to the omission of a credit in the itemized statement the difference between the debits and credits does not agree with the amount claimed to be due, where the latter statement is correct; for the itemized statement is superfluous, (*Ainslie* v. *Kohn*, 16 Or. 363, and *Curtis* v. *Sestanovich*, 26 Or. 107, approved and fol-

lowed,) and a mistake therein is immaterial when the lien contains else-
where a true statement of the demand.

2. PLEADING IN ABATEMENT—CONTRACTS—ARBITRATION.—Where a contractor
sues for the reasonable value of extra work, without setting out the build-
ing contract, the defense that its value has not been submitted to arbitra-
tors, as stipulated by the contract, must be pleaded in abatement to be
available as a defense; if there is an answer to the merits of the cause the
plea in abatement is considered waived: *Winter* v. *Norton*, 1 Or. 43, and
*Hopwood* v. *Patterson*, 2 Or. 49, approved and followed; *Ball* v. *Doud*, 26
Or. 14, distinguished.

3. MECHANICS' LIEN—EXTRA WORK—BUILDING CONTRACT.—Where a builder
is required by the terms of his contract to rub down the brickwork on
the street sides of the building he cannot call such work extra because he
uses aid in doing it.

4. IDEM.—An alteration in a building contract providing that pressed brick
instead of common brick, shall be used for the walls of the building, in-
cludes a similar change in the brick used for chimneys, for the latter are a
part of the walls.

5. IDEM.—A building contractor who is required by the contract to keep the
brickwork straight and plumb is not liable for defects in that respect
caused by building an extra story, under a modification of the contract,
without materially strengthening the foundation.

6. BUILDING CONTRACT NOT MODIFIED BY SPECIFICATIONS.—A building con-
tractor is not liable for failure to put cement in the mortar, where the con-
tract provides that common mortar shall be used, although the specifica-
tions call for the use of cement in the mortar.

7. MEASURE OF DAMAGES—BUILDING CONTRACT.—The measure of damages
for failure to use the grade of plastering required by a building contract is
the difference between the value of the class of work contracted for and
that furnished.

8. COSTS—DISCRETION OF COURT.—The plaintiff in an action to enforce a me-
chanics' lien is properly charged with half the costs although he recovers
in the action, where the evidence shows that a part of the work was
done in a careless and negligent manner.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by H. C. Chamberlain against Geo. L.
Hibbard to foreclose a mechanics' lien upon lot number
one of block number fifty in Couch's Addition to the City
of Portland, Oregon. It appears that the plaintiff, on

March fourteenth, eighteen hundred and ninety-two, entered into a contract with the defendant, by the terms of which he agreed to furnish the materials, construct the basement, and erect, according to certain plans and specifications, the walls of a four-story brick building upon said lot, and plaster the rooms therein, for the defendant, in consideration of forty-two hundred and sixty-five dollars, to be paid by installments as the work progressed. The contract was modified four days after its execution, and the plaintiff, in consideration of two hundred and fifty dollars, further agreed to substitute stone for brick in building said basement, and also to cement the rear wall of said building. On the twenty-second day of the following month said contract was again modified, and the plaintiff, in consideration of eleven hundred and seventy-five dollars, agreed to add ten feet to the height of the brick walls for another story, and also to substitute pressed for common brick on the sides of said building fronting upon Seventh and Everett Streets. The plaintiff, on September twenty-seventh, eighteen hundred and ninety-two, claiming to have fully performed his said contract, filed his claim of lien to secure the reasonable value of alleged extra work upon said building as follows: To two belt courses, fifty dollars; to enlarging said building four inches, fifty dollars; to one foot added to the fourth story, one hundred dollars; to three pressed brick chimneys, seventy-five dollars; to four chimneys changed from common to pressed brick, twenty-eight dollars; to cleaning the walls of said building, fifty dollars; to two fire walls, three hundred dollars: and, having given the defendant credit for one hundred and fifty dollars and seventy-five cents, overpaid on the original contract, claimed five hundred and two dollars and twenty-five cents as the amount of his lien, and commenced this suit for its foreclosure. The defendant denied that the plaintiff had

done any extra work on said building, and alleged that he was entitled to twenty-four hundred and eighty dollars and seventy cents for credits omitted, damages sustained by reason of defective material and workmanship, and delay in completing the building. The reply having denied the allegations of new matter contained in the answer, the cause was referred to Sanderson Reed, Esq., who took the evidence, and found for the defendant. The court however set aside his findings, and, after allowing the defendant one dollar as damages for defective plastering, rendered a decree foreclosing said lien, and awarding plaintiff five hundred and one dollars and twenty-five cents, the further sum of ten dollars as attorney's fees, and requiring each party to pay one half of the costs of the suit, from which decree the defendant appeals, and the plaintiff appeals from the part thereof which allows him only ten dollars as attorney's fees, and requires him to pay one half the costs.                    MODIFIED.

For the plaintiff there was a brief and an oral argument by *Mr. Fred L. Keenan.*

For the defendant there was a brief and an oral argument by *Mr. George G. Gammans.*

Opinion by MR. JUSTICE MOORE.

1. The plaintiff in his claim of lien gives an itemized statement of the several amounts due under the original contract, and the amounts claimed to be due for the alleged extra work, and also the payments made thereon, except one of two hundred dollars, and by deducting the sum of the credits from the sum of the charges, seven hundred and two dollars and twenty-five cents is found to be due; but in his claim he demands only five hundred and two dollars and twenty-five cents, and from said omission it is

contended that the lien is invalid because it fails to contain a true statement of the plaintiff's demand after deducting all just credits and offsets, as required by the statute: Hill's Code, § 3673. It is not necessary that the claim filed with the county clerk should contain an itemized account of the demand: *Ainslie* v. *Kohn*, 16 Or. 363, 19 Pac. 97; *Curtis* v. *Sestanovich*, 26 Or. 107, 37 Pac. 67. When the amount demanded is correctly stated in the claim of lien, the items thereof become superfluous, and an error or omission therein ought not to vitiate the lien. The claim depends for its validity, among other things, upon a true statement of the demand; and had the plaintiff claimed five hundred and two dollars and twenty-five cents as the amount due him after deducting all just credits and offsets, without having given the items of the account, it is conceded that his notice of lien would have been invulnerable to attack. He has stated that this sum is so due him, and such general statement of his demand, showing that all just credits had in fact been given, having been made, his lien ought not to be defeated because in copying the items of his account he has inadvertently omitted a charge or credit to which either party might have been entitled.

2. The original contract provided that the defendant might make such alterations in the plans or specifications as he desired, and it was agreed that if any dispute arose respecting the true value of any alteration or work added or omitted, the same should be valued by two competent persons, one to be selected by each party, and if the persons so selected could not agree, they had authority to name an umpire, whose decision should be binding on all parties; and from this provision of the contract it is contended that no suit to foreclose said lien could be maintained until the plaintiff had attempted to ascertain the amount due in the manner therein provided. The plain-

tiff did not set out a copy of said contract in his complaint, but brought his suit for the reasonable value of the extra work; and hence his complaint states a cause of suit, and is not within the rule announced in *Ball* v. *Doud*, 26 Or. 14, 37 Pac. 70. In the present case the defendant set out a copy of said contract in his answer, but he did not plead in abatement of the suit its provisions to settle by arbitration any dispute arising thereunder. The defendant's right to have the alterations valued by arbitrators was one which he could waive, and by pleading to the merits he waived the matter in abatement: *Winter* v. *Norton*, 1 Or. 43; *Hopwood* v. *Patterson*, 2 Or. 49.

3. This brings us to a consideration of the claims of the respective parties. An examination of the evidence shows that plaintiff's claim for cleaning the walls of said building, fifty dollars, should be disallowed. The specifications, which were made a part of the contract, require the plaintiff to "rub down all brickwork on street sides," and while he used acids for that purpose we think the work comes within terms of the contract.

4. This is also true of the claim for changing four chimneys from common to pressed brick, twenty-eight dollars. When the original contract was modified so as to require pressed brick for the walls of the building, it must necessarily have included the chimneys which are a part of these walls, and hence not extra. The plaintiff's claim for building three extra pressed brick chimneys, seventy-five dollars, must be modified upon the testimony of his brother, who, when called as his witness, testified that the reasonable value of such work is only forty dollars. While there is quite a conflict of evidence, we think it shows that the other items of plaintiff's claim are not embraced within the terms of the contract, are reasonable, and should be allowed, thus making the amount due him

26 OR.—55.

less the credit of one hundred and fifty dollars and seventy-five cents admitted to have been overpaid on the contract, three hundred and eighty-nine dollars and twenty-five cents. The defendant, in our judgment, is entitled to the following credits: By merchandise, twenty-two dollars; by order on the railroad company, nineteen dollars and seventy-five cents; by rebuilding stair walls, eight dollars; by thirty-six window sills, changed from pressed brick to stone, eighteen dollars; by amount paid for patching the plastering, forty-seven dollars; making a total of one hundred and fourteen dollars and seventy-five cents, and leaving two hundred and seventy-four dollars and fifty cents due the plaintiff without considering the defendant's claims for damage.

5. The contract required the plaintiff to keep the brickwork straight and plumb; and the evidence shows that he did not comply with this requirement. The walls are not what they should be, but the defects in that respect were probably caused by building the extra story without materially strengthening the foundation, for which plaintiff cannot be held responsible.

6. The defendant's claim for insurance, interest on money advanced, damages for delay in completing the building, and for failure to put cement in the mortar cannot be allowed. True, the specifications call for the use of cement in the mortar, but the contract provided that the brick should be laid in common mortar.

7. The most difficult question in the case arises out of the defendant's claim of sixteen hundred and sixty-seven dollars as damages alleged to have been sustained by reason of defective plastering. The specifications, among others, contain the following provisions: "Plaster all walls and partitions, and second, third, and fourth-story ceilings, one good, heavy coat of brown mortar, consisting of three barrels of clean, sharp sand to each one of fresh

burnt Tacoma lime, and one bushel of soaked and well whipped cattle hair, all to be made up at least ten days before using." The evidence shows that the plaintiff in making said mortar mixed about six barrels of sand with one of lime, and did not use the requisite quantity of hair; that he allowed the mortar to remain after being mixed much longer than was necessary before using it; that it was put upon the walls in warm weather, and no means taken by the plaintiff, whose duty it was, to prevent it from drying too° quickly, and that in consequence of his neglect and carelessness the plaster fell off in many places, and the defendant contends that it is of no value but a detriment to the building. The architect of the building, when called as a witness for the defendant, says the plastering is a detriment, and he is corroborated by the testimony of other witnesses. It appears, however, from the testimony of a number of plaintiff's witnesses who have had years of experience in such work, that while the plastering does not correspond with the specifications it is an average job of that class of work. It is impossible from the evidence to say just to what extent the defendant has been damaged by the faulty plastering of his building. The measure of his damage would be the difference between the class of work he contracted for and that which was furnished. If the plastering were wholly valueless it would not be difficult to ascertain the measure of the damage; but having some value, it is almost impossible to determine from the evidence what sum should be awarded the defendant for the plaintiff's failure to fully comply with the terms of his contract. The court below awarded the defendant one dollar as his damages for this defect. We think this allowance too small, and in view of the fact that the plastering fell off the building in many places, that much more of it is loose and liable to fall, and that the terms of the contract in this respect were violated, he

should be awarded the sum of two hundred and fifty dollars as damages therefor, thus allowing the plaintiff twenty-four dollars and fifty cents as the amount due him.

8. The court awarded the plaintiff ten dollars as attorney's fees, and required him to pay one half of the costs, and this he contends was an abuse of discretion. It seems to us, in view of the evidence as to the careless and negligent manner in which plaintiff did the plastering, that the decree in this respect was equitable. The decree of the court below will be here modified to correspond with this opinion.    Modified.

---

[Decided December 20, 1894; rehearing denied.]