Argued January 27, decided February 10, 1914.

# EAST SIDE MILL CO. *v.* WILCOX.

(138 Pac. 843.)

**Mechanics' Liens—Notice—Description of Property.**

1. A description of premises, in a notice of a materialman's lien, as "that certain buildings or improvements known as a dwelling-house and outbuildings," on a lot of land definitely described, is sufficient, as a single lien on separate buildings is allowed when they are erected for a common purpose or connected use.

[As to nature of improvement for which mechanic's lien may exist, see note in Ann. Cas. 1912B, 5.]

**Mechanics' Liens—Notice—Sufficiency.**

2. A notice of materialman's lien for material furnished, which does not state of what the materials consisted other than by reference to invoices rendered to the contractor, and not to the owner, is not sufficient.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by the East Side Mill & Lumber Company, a corporation, against H. H. Wilcox and George Meinzer, to foreclose a materialman's lien upon certain buildings. The notice of lien is as follows:

"Know all men by these presents, that the undersigned East Side Mill & Lumber Company, a corporation hereinafter called 'the claimant' hereby claims a mechanic's lien upon that certain buildings or improvements known as a dwelling-house and outbuildings and the land upon which the same is located, in the county of Clackamas, State of Oregon, and described as follows: The north one hundred fifty (150) feet of lot number three (3), block number sixty-three (63), first subdivision of a portion of Oak Grove, as per plat on file with the county clerk of said county and state. The lien hereby claimed is for materials furnished and delivered at said premises to be used and which were used in the construction, alteration and repair of said buildings, at the instance and request of H. H. Wilcox. At the time of commencing

to furnish said materials George Meinzer was the owner or reputed owner of said buildings, and George Meinzer is now the owner· thereof. That George Meinzer is the owner of said land and had knowledge of the construction, alteration and repair of said buildings, and caused the same to be done. In the construction, alteration and repair of said buildings H. H. Wilcox was the contractor and agent of George Meinzer. Said materials were furnished between the dates of February twelfth, 1912, and March second, 1912, and the contract and reasonable price thereof was and is the sum of one hundred forty-three and 96/100 ($143.96) dollars, lawful money of the United States, and the sum of one hundred forty-three and 96/100 ($143.96) dollars is now due or to become due to the claimant, and the following is a true and correct statement of said account and demand after deducting all just credits and offsets:

"Mr. H. H. Wilcox in account with East Side Mill & Lumber Company:

| | | |
|---|---|---|
| Feb. 16 | To invoice rendered .....$124 | 69 |
| Feb. 20 | Ditto ................ 10 | 10 |
| Mar. 2 | Ditto ................ 9 | 17 |
| | | $143 96 |

"It is the intention of the claimant to hold a lien upon the buildings hereinbefore described, for the amount of said claim, and not only upon said buildings, erections, and superstructures, but also upon the land upon which the same are constructed, together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof, to be determined by the judgment of the court at the time of the foreclosure of this lien. The time in which the claimant has to make and file its lien on said property with the county clerk of the county in which said buildings are situated has not expired. Thirty days have not elapsed since the completion of said buildings."

A general demurrer to the complaint was sustained, and plaintiff appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Hamilton Johnstone*.

For respondent there was a brief and an oral argument by *Mr. Joseph E. Hedges*.

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. In our opinion the description of the premises was sufficient: "A single lien upon separate buildings is allowed when they are erected for any common purpose or connected use, as in the case of barns, stables, and other outhouses used in connection therewith, and within the curtilage of a dwelling, or where the buildings have been erected for some general and connected use": *Willamette Mills Co.* v. *Shea,* 24 Or. 40 (32 Pac. 759).

2. Passing, without deciding, other objections made to the form of the notice, we are of the opinion that it is insufficient in not containing a true statement of the demand for which the lien was claimed. When the property of a citizen is to be charged with a lien for a debt incurred by a contractor who is only constructively his agent, and who is usually the party primarily liable for the debt, he is entitled to know, at least in a general way, what materials are charged to his account, so that he may be able by investigation to determine the justice of the claim. The notice here gives no intimation as to whether the "material furnished" consisted of lumber, bricks, windows, plumbing supplies or paint. The itemized statement is equally indefinite, merely referring to three invoices rendered, but these appear to have been rendered to the contractor and not to the owner. Such a notice is too indefinite to constitute a good statement of a demand. It might be sufficient, in a complaint for goods sold, as the party to be charged can, in such case,

require the complaint to be made more definite and certain, or demand a bill of particulars, but a lien notice is incapable of amendment, and cannot be made good by averment. It must stand or fall by reference to its own terms. The authorities on this subject are well collated in 27 Cyc. 121, and in Boisot, Mechanics' Liens, §§ 395, 396; and an examination of the cases there cited satisfies us that, upon authority as well as upon principle, the lien sued upon is void for uncertainty.

The judgment is affirmed.     AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.