Argued February 18, decided March 10, rehearing denied April 7, 1914.

# ZANELLO & SON v. PORTLAND CENTRAL HEATING CO.*

(139 Pac. 572.)

**Mechanics' Liens—Statement—Necessity for Itemizing.**

1. Under Section 7420, L. O. L., requiring every person claiming a mechanic's lien to file with the county clerk a claim containing a true statement of his demand, where the claim of lien alleged that the claimants were employed to perform labor and furnish the material necessary for the brick walls and concrete footings of the building at a price of $1,780, and that, in pursuance of the contract, they built all the walls and concrete footings for the building, and setting forth, as the statement of the demand, a claim "for labor performed and material furnished as per contract, $1,780," the claim is sufficient, without itemizing the account.

**Mechanics' Liens—Loss or Waiver—Provision in Original Contract.**

2. Under Section 7416, L. O. L., giving every mechanic and materialman a lien for work or materials furnished for a building, and making every contractor or other person having charge of the construction the agent of the owner, a provision in the original contract, unknown to a lien claimant, that no subcontractor or other person or firm furnishing material or labor will be recognized, nor will the owner be responsible for claims of such person beyond taking a bond which shall provide that the contractor shall make payment promptly to all persons furnishing him labor or material, does not affect the claimant's right to lien.

[As to whether stipulations in contracts may destroy the lien of subcontractors and materialmen, see notes in 19 Am. St. Rep. 699; Ann. Cas. 1913E, 562.]

**Mechanics' Liens—Persons Entitled—Subcontractors.**

3. A subcontractor "in the second degree," who furnishes labor or material for the construction of a building, is within Section 7416, L. O. L., giving a lien to every mechanic, contractor and other person performing labor upon or furnishing material to be used in the construction of any building.

*As to the right of a subcontractor to protection of statutes giving liens to "laborers," "mechanics," "workmen," and the like, see note in 30 L. R. A. (N. S.) 85.                          Reporter.

**Mechanics' Liens—Waiver of Right to Lien—Estoppel.**

4.  A statement by a claimant of a mechanic's lien, after the principal contractor had made a payment to the subcontractor who employed the claimant, that the claimant was receiving the money for his labor and material could operate as an estoppel to claim a lien, at most, as to payments made after such conversation, and not as to a payment made before it.

[As to waiver of mechanic's lien, see note in 41 Am. Dec. 221.]

**Mechanics' Liens—Enforcement—Evidence of Estoppel to Claim Lien.**

5.  In a suit to foreclose mechanic's lien, evidence *held* insufficient to prove a conversation with the lien claimant on which the owner based an estoppel to claim the lien.

**Mechanics' Liens—Right to Lien—Extent.**

6.  Where a lien claimant constructed brick walls and concrete footings for a building according to his contract, except that, in building a chimney, a wooden girder was bricked into the flue, he was entitled to a lien for the contract price of his work, less the cost of having the timber removed and the chimney fixed.

From Multnomah: GEORGE N. DAVIS, Judge.

This is a suit by G. Zanello & Son against the Portland Central Heating Company, a corporation, P. A. Williams, Robert R. Sheay, L. H. Tarpley and Albert Cleveland. From a decree in favor of defendants, plaintiffs appeal. The facts are set forth in the opinion of the court.

REVERSED: DECREE RENDERED. REHEARING DENIED.

For appellants there was a brief with oral arguments by *Mr. Albert H. Tanner* and *Mr. John Van Zante.*

For respondents there was a brief with oral arguments by *Messrs. Smith & Shields* and *Mr. L. H. Tarpley.*

Department 2. MR. JUSTICE RAMSEY delivered the opinion of the court.

The plaintiffs brought this suit to foreclose a mechanic's and materialman's lien upon a building and a parcel of land 45 feet by 50 feet in dimensions, in Westover terraces, in the City of Portland, upon which said building is situated. This building and ground are

owned by the defendant, the Portland Central Heating Company.

At all times mentioned in the pleadings, P. A. Williams, the defendant, Grace B. Williams and E. Beckenridge were copartners, doing business in the City of Portland under the firm name of the Pacific Heating-Engineering Company. The defendant P. A. Williams was business manager of said firm.

On July 23, 1912, the defendant the Portland Central Heating Company, and the Pacific Heating-Engineering Company entered into a written contract, whereby the latter company undertook and promised to furnish all the material and all the labor for the construction and installation of a heating plant on the real premises above referred to, and, as a part of said plant, said company agreed to furnish all the material and labor and to construct for the company defendant a one-story power-house, according to certain plans and specifications, and, in the execution of said contract, and in all of the work of constructing said power-house, the Pacific Heating-Engineering Company was represented by the defendant P. A. Williams, as manager.

The Pacific Heating-Engineering Company, on August 15, 1912, entered into a contract with one Robert R. Sheay, whereby the latter undertook and promised to furnish all the material and labor, and to construct said power-house, for an agreed consideration. By said contract, said Sheay became a subcontractor for the construction of the said power-house. On or about August 15, 1912, said Sheay entered into an oral contract with the plaintiffs, whereby the plaintiffs undertook and promised to furnish the material and perform the labor for the construction of, and to construct, the brick walls of said power-house, and the concrete footings thereof, for the sum of $1,700, and said Sheay agreed to pay the plaintiffs said sum for their work,

material and the construction of the brick walls and concrete footings of said building. The plaintiffs also entered into a further contract with said Sheay to do extra work on said building, for which the latter agreed to pay them the additional sum of $80. The total amount of the plaintiffs' claims against said Sheay for material and labor by them furnished for said building was $1,780.

Before said building was completed, said Sheay is said to have absconded. Within 30 days after the completion of said building, the plaintiffs filed, and had recorded, upon said building and the real property referred to, a mechanic's and materialman's lien for said sum of $1,780; the whole thereof being unpaid. The claim of lien so filed and recorded is in due form, unless it is defective in that it fails to *itemize* the amount for which the lien is claimed.

The complaint is in proper form, and said Robert R. Sheay was made a party, but, being out of the state, he was not served with process. The defendants, the Portland Central Heating Company, and the said P. A. Williams filed a joint answer, denying much of the complaint, and setting up affirmative matter. A reply put in issue about all of the allegations of the answer. The court below held the plaintiffs' lien to be invalid, and dismissed their complaint, and they appealed.

There are various objections made by the defendants to the said lien, and we will examine them separately.

1. Section 7420, L. O. L., provides that it is the duty of every person claiming a lien to file with the county clerk "a claim containing a true statement of his demand." The notice filed by the plaintiffs in this case stated their demand thus:

"For labor performed and material furnished, as per contract, $1,780."

The defendants contend that this statement does not meet the requirements of the section above cited.

Among other things, the claim of lien contained the following statements, showing for what said lien was claimed:

"That the claimants were employed by the said Robert R. Sheay to perform labor and furnish the material necessary and required in building the brick walls and concrete footings for said building, for which labor and material he agreed to pay the claimants the sum of $1,780, and that the said claimants did, in pursuance of said employment, and under and by virtue of said contract with the said Robert R. Sheay, furnish the labor and material in erecting and constructing said brick walls and said concrete footings, and did build, erect, and construct the said brick walls and concrete footings for said building, and furnish the labor and material therein, in all respects as required by their contract with the said Robert R. Sheay, and that they did duly perform all the terms and conditions of said agreement on their part to be kept and performed. That the contract and reasonable price of such labor and material so furnished, used, and employed in the said work, as aforesaid, was and is $1,780, lawful money of the United States. That said sum of $1,780 is now due and owing to the said claimants for said work, labor, and material so performed and furnished in the erection and construction of said building, and that no part thereof has been paid; said claim and account therefor being hereinafter specifically set forth and stated. That the following is a true and correct statement of the claim and demand due the claimants herein, after deducting all just credits and setoffs: 'For labor performed and material furnished as per contract, $1,780.' "

The foregoing extracts from said claim of lien show that the amount for which the lien is claimed is $1,780; that said amount is due the plaintiffs for labor and material that they furnished under a contract with

Sheay; that said labor and material went into the brick walls of said building and the. concrete footings thereof; that said labor and material were furnished in all respects as required by the contract; that the plaintiffs duly performed all of the terms and conditions of the contract on their part; that the contract price and the reasonable value of said material and labor were $1,780, etc.

The statement of lien shows that the plaintiffs had the contract for the construction, not of the whole building, but of the brick walls and concrete footings thereof. The plaintiffs constructed *all* of the walls and concrete footings, but nothing else, and this is shown by the statement. Any competent man acquainted with such work could easily ascertain the amount of material that went into those walls and concrete footings, and the amount of labor that was required to do the work, and the reasonable cost of the material and labor. It was not necessary to set out in the claim the number of bricks, the number of pounds of cement and other material, and the number of days' labor that went into the walls and the concrete footings of the building. It has been repeatedly held by this court that it is not necessary that the account be *itemized,* and that it is sufficient if it states in a general manner upon what it is based and the amount of the claim: *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97); *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67); *Chamberlain* v. *Hibbard,* 26 Or. 428 (38 Pac. 437).

In *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97), the claimant was a subcontractor, and the point made in this case was made there and rejected. Passing on this point, Justice Thayer said:

"The reason advanced by the counsel for requiring an itemized statement of their account to be made is that subcontractors and materialmen are entitled to no

more than the fair market value for their work and material furnished on the credit of the building, and hence the owner should be informed by the claim, so that he may make the necessary inquiries to satisfy himself of its justice as a lien on his property. This reason, viewed from a theoretical standpoint, appears specious; but practically it has no foundation whatever. The persons who supply labor and materials in such cases have ordinarily no opportunity to obtain an unjust lien upon the property.''

We hold that the statement of the claim of lien in this case is sufficient, and that it was not necessary to *itemize* the account, or make a more specific statement than was made.

2. The defendants appear to claim that the plaintiffs waived their right to a lien by reason of there being in the specifications for the construction of the building, which it is said to have been a part of the *original* contract between the owner and the original contractor, the following statement:

''No subcontractor, or other person or firm furnishing material or labor to the contractor will be recognized, nor will the Portland Central Heating Company be responsible in any way for such claims of such person or firm, beyond taking a bond in the sum of $10,000, which in substance shall provide, that the contractor shall make payment promptly to all persons furnishing him material or labor. Persons so furnishing material or labor shall have the right of action on said bond in the name of the Portland Central Heating Company for their claim.''

The evidence shows that the plaintiffs never saw said provision or had any knowledge or notice of its existence or contents. They never in any manner agreed or assented to it. A copy of the plans for the building was furnished the plaintiffs, but they never saw the original contract or any copy thereof.

Section 7416, L. O. L., is in the following words:

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other person performing labor upon or furnishing material, or transporting or hauling any material of any kind to be used in the construction, alteration, or repair, either in whole or in part, of any building, wharf, bridge, ditch, flume, tunnel, fence, machinery, or aqueduct, or any structure or superstructure, shall have a lien upon the same for the work or labor done or transportation or material furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purposes of this act."

Under the foregoing section, the plaintiffs have a right of lien, unless they, in some manner, waived it, or did something that estopped them to claim it.

The extract from the specifications set out *supra* does not mention liens. It says no subcontractor or other person or firm furnishing material or labor to the contractor will be "recognized," and that the defendant company will not be responsible in any way for claims of such persons or firms beyond taking a bond in the sum of $10,000, which will provide that the contractor shall make payments promptly to all persons furnishing material or labor. The right to a lien was created by statute, and it cannot be annulled by the owner's giving notice that he will not "recognize" such right, or by saying, in the building contract, that he will not be responsible for the claims of persons furnishing material or labor for the building. A contractor, a subcontractor or a person furnishing labor or mate-

rial for a building can waive his right to a lien by agreeing that he will not claim a lien, or by assenting to a provision in a contract stating that no liens shall be claimed or filed upon the building. But a person furnishing labor or material that goes into a building cannot be deprived of his right to file a lien, excepting by his contract, or by acts on his part constituting an estoppel. In this case, the plaintiffs never saw said provision in the specifications, and never assented to it, and hence they are not affected by it.

In the case of *Hume* v. *Seattle Dock Co.*, 68 Or. 477 (137 Pac. 752), this court reviewed the authorities on this question, and held that a materialman or a laborer, to be bound by a stipulation in the principal building contract against liens upon a building, must have assented thereto, or at least notice of the stipulation must have been brought home to him. It is not necessary to cite other authorities on this point. We refer to the authorities cited by Mr. Justice EAKIN in that case.

The defendants allege that Robert R. Sheay absconded, but that, before he did so, he paid the plaintiffs a large part of what was due them and is included in said lien. But the evidence shows that he did not pay the plaintiffs any part of their claim.

The evidence shows that the plaintiffs' original contract provided for the construction of the brick walls and the concrete footings of said building, and that the labor and materials that went into said walls and said concrete footings were worth $1,780, and that was what Sheay promised to pay them therefor. Afterward the plaintiffs did some extra brickwork on said building, by contract with said Sheay, and that was worth $80, and that Sheay promised to pay them that amount therefor.

3. The fact that the plaintiffs were subcontractors "in the second degree" does not preclude their right

to a lien on the building. Our statute is very broad, and includes "every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other persons performing labor upon or furnishing materials * * to be used in the construction of any building." The plaintiffs furnished both the labor and the material that went into the walls and the concrete footings of said building. In fact, they furnished the material and labor, and constructed said walls and concrete footings, and therefore they come clearly within both the words and the intent of said section.

It was held in *Smith* v. *Wilcox,* 44 Or. 323 (74 Pac. 708, 75 Pac. 710), that a subcontractor was within the scope of the statute. We have no doubt that a subcontractor "in the second degree," who furnishes labor or material for the construction of a building, is within the letter and meaning of our statute.

4. The defendants pleaded the following as an estoppel:

"That the plaintiffs ought not to be permitted to allege that they never received payment of either of said installments of $733, for the said Pacific Heating-Engineering Company, before paying said Robert R. Sheay said last installment, inquired of plaintiffs whether they were duly receiving payment for labor and material supplied by them, and said plaintiffs, with the intention of causing said Pacific Heating-Engineering Company to believe they were receiving payments as their work progressed, stated to said Pacific Heating-Engineering Company that they were receiving payment for all labor and materials furnished by them, and the Pacific Heating-Engineering Company believed said statements and relied thereon and were induced thereby to pay to said Robert R. Sheay said second installment of $733, and, if compelled to pay the same again, will be thereby damaged in the sum of $733."

The defendants had previously alleged that they had paid Sheay two installments of $733, and they claim that, *after* they had paid him *one* of said installments, they had the conversation with the plaintiffs, pleaded as stated *supra*. If that conversation was had, and constituted an estoppel, it could operate only as to payments made *after* said conversation was had. It could not operate as to a payment made *prior* to the conversation.

5. The defendant Williams testified, on page 76 of the evidence, that he had a conversation with one of the plaintiffs, and asked him "if he was getting his money for his labor and material, and he appeared kind of embarrassed about it, and said that he was." This is the substance of the evidence for the defendants on that point. If that was all that was said, it would hardly amount to an estoppel. Several facts are necessary to constitute an estoppel *in pais;* but it is not necessary to discuss the essentials of an estoppel, for the plaintiffs deny said conversation, and the plaintiff with whom the defendant Williams says that he had said conversation testifies that he never had any such conversation with Williams, and that he did not make the statement attributed to him by the defendant. The *onus* of proving the alleged estoppel was upon the defendants. We are therefore unable to say that the preponderance of the evidence on that point is with the defendants. We hold that the alleged estoppel was not proved.

6. It appears from the evidence that the plaintiffs completed their contract for the construction of the walls and the concrete footings of the building properly, excepting as to a chimney. It seems that, in building the chimney, a wooden girder was bricked into the flue, and that Mr. Williams had this timber removed and the chimney fixed at an expense of not more than

$15. This amount should be deducted from the $1,780, leaving due the plaintiffs $1,765. This defect in the chimney does not affect the plaintiffs' right to recover the $1,765, and have a lien on the building and ground therefor.

We have read the evidence and examined the authorities cited, and find that there is much conflict in the decisions of the courts of the different states in regard to the questions involved in this case, but some of this conflict is due to differences in the statutes. Liens of this character are creatures of statute, and it is the duty of the court to determine what rights our statute has created, and what the rights of the litigants are, measured by this statute.

We find that the plaintiffs are entitled to a decree for the recovery of $1,765, and interest on said sum at the rate of 6 per cent per annum from the 22d day of October, 1912, for $1.20 for filing claim of lien, and for $200, as attorneys' fees in this court and the court below, and for costs and disbursements, and decreeing said sums to be a lien upon said building and all of the ground described in the complaint, in accordance with said claim of lien, and for a decree foreclosing said lien upon said building and ground, and for the sale thereof in the manner provided by law, to obtain funds with which to pay and satisfy said several sums of money, interest and accruing interest, and costs and disbursements, and barring the rights and interests of the defendants in said building and land; but no personal decree for the recovery of said money will be entered against either of the defendants, excepting for costs and disbursements, the right to make said sums of money, excepting for costs and disbursements, being confined to what can be realized from a sale of said building and lands.

The decree of the court below is reversed, and a decree will be entered in this court in favor of the plaintiffs, in accordance with this opinion.

Reversed: Decree Rendered.   Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice Eakin concur.

Mr. Justice Ramsey sat in this case by special assignment.