Argued February 6, affirmed February 23, modified as to costs March 16, 1915.

# ST. JOHNS LUMBER CO. *v.* PRITZ.*

(146 Pac. 483; 146 Pac. 486.)

**Mechanics' Liens—Materialman's Lien—Statutory Requisite.**

1.   Under Section 7420, L. O. L., providing that a claim containing a true statement of the demand must be filed with the county clerk within a certain period after completion of the work, in order to obtain a materialman's lien, an itemized statement of the materials that went into the work need not be filed.

[As to lien of materialman, see note in 79 Am. Dec. 268.]

**Mechanics' Liens—Materialman's Lien—Waiver.**

2.   A materialman may waive his right to claim a lien, but he will not lose it merely under stipulations against all liens in the contract between owner and original contractor, in the absence of his own notice of and assent to such contract.

**Mechanics' Liens—Materialman's Lien—Waiver—Sufficiency of Evidence.**

3.   Evidence *held* insufficient to show a notice to a materialman of a contract stipulation between the owner and the original contractor against all liens.

**Mechanics' Liens—Materialman's Lien—Waiver—Contract Stipulation Against Liens—Notice.**

4.   Notice of a contract stipuluation against liens between owner and original contractor, if effective at all, must have come to knowledge of the materialman before he furnished materials in order to bar his lien for them.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.   Statement by MR. JUSTICE HARRIS.

Katie H. Holcomb, the owner of lot 8, block 11, St. Johns Park Addition to the City of St. Johns, let a contract to Robert Pritz, who agreed to furnish the work and material necessary for the construction of an addition to a building on the described lands.   The agreement between the owner and contractor, among other provisions, contained the following:

---

*Upon the effect, as against subcontractors, materialmen and laborers, of stipulation in principal contract that no lien shall be asserted, see note in 50 L. R. A. (N. S.) 159.        REPORTER.

"In consideration of the owner advancing the aforesaid sums for material and labor, it is expressly agreed that no liens shall be incurred upon said building or the land upon which it is situated, either by the contractor or those claiming through him as agent, contractor, or otherwise."

On the same day that the contractor commenced work, the owner posted on the premises a notice, which reads thus:

"Notice.

"To Mechanics, Laborers, Contractors, Lumber Merchants, and All Persons Whomsoever.

"Notice is hereby given that I am the owner of lot No. 8, block No. 11, St. Johns Park Addition to the City of St. Johns, in Multnomah County, Oregon, and the buildings and improvements thereon, and that I will not be responsible for any material furnished or labor performed, on, or in connection with, the building or buildings now on said lot or to be erected thereon, and said lot, or the building or buildings now erected thereon, or that may hereafter be erected thereon shall not be subject to any mechanic, labor or material lien, or any lien, for work performed or material furnished on any such building, or otherwise.

"This notice is given in accordance with Section 7419, Lord's Oregon Laws.

"Katie H. Holcomb, Owner.

"Posted August 16, 1911."

D. H. Strowbridge, doing business under the name of Strowbridge Hardware & Paint Company, furnished to the contractor building material which was used in making the improvement. The plaintiff sold the lumber and shingles to Pritz, who used these materials in constructing the addition to the house. The contractor did not fully pay for the material purchased, and for that reason both Strowbridge and plaintiff filed liens on the property.

The lien of Strowbridge described the material furnished by him as "consisting of hardware, windows, sashes, doors and paints." The lien asserted by plaintiff does not give any information as to the kind of material furnished. The latter lien declares that the St. Johns Lumber Company—

"did at the special instance and request of the said Robert Pritz furnish and deliver to him, at the building, material to be used in, and which was used in, the alterations and repair of said building. * * That Robert Pritz was the contractor of and with said owner for doing said alterations and repair, and that he ordered said material of the claimant herein for the purposes aforesaid. * * That the following is a true statement of claimant's demand after deducting all just credits and offsets:

Mr. Robt. Pritz in Account with St. Johns Lumber Company.

1911.
Oct. 7.  To material furnished and delivered
to said building.................$216.12."

Strowbridge assigned his claim to plaintiff, and the latter instituted suit on both claims. From a decree foreclosing the two liens, the defendant Katie H. Holcomb appeals.

AFFIRMED.  MODIFIED AS TO COSTS ON REHEARING.

For appellant there was a brief and an oral argument by *Mr. George J. Perkins.*

For respondent there was a brief by *Messrs. Lewis & Lewis* with an oral argument by *Mr. Arthur H. Lewis.*

MR. JUSTICE HARRIS delivered the opinion of the court.

After a careful examination of the evidence, we conclude that a delivery of the materials by plaintiff is

sufficiently shown, particularly in view of the evidence
of the defendant Holcomb, who in effect testified that
she knew that the St. Johns Lumber Company fur-
nished lumber.   In fact, it was this knowledge that
caused her to have the conversation with Carl Bock,
hereafter referred to.   The material sold by plaintiff
was loaded and started for the Holcomb house, and
there was no evidence that material was furnished by
any other dealer.

There are three questions calling for decision: (1)
The validity of the liens; (2) the effect of the quoted
provision in the contract between the owner and con-
tractor; and (3) the effect of the written notice posted
on the premises.   The following are all the statutory
provisions that are intimately connected with the main
points in controversy:

"Every * * person * * furnishing material, * * to
be used in the construction, alteration, or repair, either
in whole or in part, of any building, * * shall have a
lien upon the same for the * * material furnished at
the instance of the owner of the building or other im-
provement or his agent; and every contractor, subcon-
tractor, architect, builder, or other person having
charge of the construction, alteration, or repair, in
whole or in any part, of any building or other im-
provement as aforesaid, shall be held to be the agent
of the owner for the purposes of this act": Section
7416, L. O. L.

"Every building, or other improvement mentioned
in Section 7416, constructed upon any lands with the
knowledge of the owner or the person having or claim-
ing any interest therein shall be held to have been
constructed at the instance of such owner or person
having or claiming any interest therein; and the inter-
est owned or claimed shall be subject to any lien filed
in accordance with the provision of this act, unless
such owner or person having or claiming an interest
therein shall, within three days after he shall have

obtained knowledge of the construction, alteration, or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situated thereon'': Section 7419, L. O. L.

"It shall be the duty of every original contractor, within sixty days after the completion of his contract, and of every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, save the original contractor, claiming the benefit of this act, within thirty days after the completion of the alteration or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, to file with the county clerk of the county in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts'': Section 7420, L. O. L.

1. It is contended by defendant that the lien of plaintiff is not such a statement as is contemplated by Section 7420, L. O. L.; that the lien must itself disclose what the material consisted of; and that the language "a true statement of his demand" is not satisfied by broad and general declarations that the claimant furnished material. This court in *Ainslie* v. *Kohn*, 16 Or. 363 (19 Pac. 97), decided in June, 1888, construing (Section 7420, L. O. L.), said:

"The words 'a claim containing a true statement of his demand' do not imply that the claims should contain an itemized statement. 'Demand,' as used in the act, evidently means the thing claimed as due,

which in this class of cases is a sum of money, and a statement of the demand would be a recital of facts out of which it arises. * * So Thompson, De Hart & Co. said that, by virtue of a contract made with Loynachan, they furnished and supplied certain hardware and materials for, etc.; that the contract and reasonable price was $265.53; that said sum was due, and it was their intention to hold a lien upon certain premises therefor. This, also, was 'a claim containing a statement of their demand.' The statute evidently did not intend to require more than a general statement of the matter to be recorded.''

It will be observed that the lien of Thompson, De Hart & Co. recites that the claimant ''supplied certain hardware and materials,'' and that statement, therefore, gave some information as to a part of the claim; but the words ''and materials'' covered the remainder of what was sold, and consequently, as to such remainder, afforded no more information than the language employed in the lien of plaintiff.

Again, in *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67), the court says:

''In *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97), it was held that the words 'a claim containing a true statement of his demand' did not imply that it should be an itemized statement.''

See, also, *Chamberlain* v. *Hibbard,* 26 Or. 428 (38 Pac. 437).

As late as March 10, 1914, it was said, after approving the rule in *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97), that:

''We hold that the statement of the claim of lien in this case is sufficient, and that it was not necessary to itemize the account or make a more specific statement than was made'': *Zanello* v. *Portland Cent. Heating Co.,* 70 Or. 69 (139 Pac. 572).

It may be said, in passing, that we fully recognize the distinction between an itemized statement and one merely reciting the kinds of materials furnished. At the argument counsel made the uncontroverted statement that for more than a quarter of a century members of the bar had relied upon the rule promulgated in *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97), and that the announcement made in that and subsequent cases had been so generally observed that it could now be said to be the usual practice, in the preparation of liens, merely to declare that the claimant furnished materials without itemizing the materials or even stating the kinds of materials. The recent case of *Oregon Lumber Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935), is a marked example of the practice that has grown up by reason of the language used by this court in prior decisions, for in that case nearly all the 22 liens were like and no different from the statement of the St. Johns Lumber Company, and yet the question now under consideration was not even suggested at the original hearing, although the case was keenly contested, exhaustively briefed, and fully presented.

Many property rights would be not only impaired but perhaps entirely lost if there should be a departure from what seems for so long a time to have been the prevailing understanding of the language used in *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97). We are, therefore, persuaded to hold that the lien filed by plaintiff is a true statement of the demand, within the meaning of Section 7420, L. O. L. This conclusion undeniably conflicts with the ruling made in *East Side Milling Co.* v. *Wilcox,* 69 Or. 266 (138 Pac. 483); but, for the reasons already stated, we are disposed to recede from the somewhat stricter requirements of that case, although the rule therein announced is supported by

the decided weight of judicial expressions found in other jurisdictions.

2–4. We come now to a consideration of the question of whether the stipulation against liens, contained in the contract made between the owner and contractor, precludes the plaintiff from maintaining its claim of lien. Excluding defenses of pure estoppel, the adjudicated cases may be placed in three general classes: (1) Some hold that a provision against liens, found in a contract between the owner and contractor, is equally binding upon materialmen and laborers, even though they neither assent to nor have notice of such provision; (2) others announce that assent is necessary; and (3) still others state the rule to be that notice is of itself sufficient. The much discussed case of *Schroeder* v. *Galland,* 134 Pa. 277 (19 Atl. 632, 19 Am. St. Rep. 691, 7 L. R. A. 711), illustrates the first class of cases: *Norton* v. *Clark,* 85 Me. 357 (27 Atl. 252); *Miles* v. *Coutts,* 20 Mont. 47 (49 Pac. 393), and *Aste* v. *Wilson,* 14 Colo. App. 323 (59 Pac. 846), are fair examples of the second, while *Bowen* v. *Aubrey,* 22 Cal. 566, *Bates Machine Co.* v. *Trenton etc. R. R. Co.,* 70 N. J. Law, 684 (58 Atl. 935, 103 Am. St. Rep. 811), and *Cost* v. *Newport Builders' Supply & Hardware Co.,* 85 Ark. 407 (108 S. W. 509, 14 Ann. Cas. 142), represent the third class.

It is settled law that a person may waive his lien: *Gray* v. *Jones,* 47 Or. 40 (81 Pac. 813); and it is the firmly established rule in this state that a materialman does not lose his right to claim a lien when the elements of assent and notice are both absent: *The Victorian,* 24 Or. 121, 139 (32 Pac. 1040, 41 Am. St. Rep. 838); *Hume* v. *Seattle Dock Co.,* 68 Or. 477 (137 Pac. 752, 50 L. R. A. (N. S.) 153); *Zanello* v. *Portland Cent. Heating Co.,* 70 Or. 69 (139 Pac. 575); *Oregon Lumber*

*& Fuel Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935, 937.)  It is not claimed by defendant that plaintiff agreed to waive its lien; but the contention is that plaintiff had notice of the agreement against liens.  Assuming, but not deciding, that notice is sufficient, it is enough, for the decision of this case, to say that the evidence fails to show the requisite knowledge.  Concerning a conversation had with Carl Bock, who is secretary of the plaintiff, the defendant Holcomb testified as follows:

"He is a tenant in one of my houses, and I went there one evening about the rent, and I asked Mr. Bock if he knew I had a contract with Robert Pritz, and I told him I had a contract, and I wouldn't be responsible for anything furnished to the building, and would he kindly see that all bills were paid before I settled."

It is clear that this conversation does not give notice to plaintiff that the contract had in it a stipulation against liens, and the burden is on the defendant to show that plaintiff had knowledge of such stipulation.  The oral statements made to Bock are in effect a repetition of the written notice posted on the premises.  Even when notice is sufficient to defeat the lien of a materialman, it must be notice before and not notice after delivery.  It is not clear whether all the materials had been delivered prior to the conversation referred to, but it is certain that some of the material had been furnished.  A lien could, in any event, be asserted for all material delivered before notice.

The effect of posting on the premises the written notice quoted above is decided adversely to the contention of defendant in *Oregon Lumber & Fuel Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 937).  And see, also, *Chenoweth* v. *Spencer,* 64 Or. 540 (131 Pac. 302, Ann. Cas. 1914B, 678).  Katie H. Holcomb, the owner of the building, directly contracted for the improvement.

The situation would be different if the parties to the building agreement had been the contractor and a mere tenant, and if the owner in no way caused the construction of the addition to the house.

It follows that the judgment and decree appealed from should be affirmed; and it is so ordered.

AFFIRMED.

Mr. Justice Burnett, Mr. Justice Bean and Mr. Justice Benson concur.

---

Petition allowed March 16, 1915.

PETITION TO BE RELIEVED FROM COSTS.

(146 Pac. 483.)

Department 1.  Mr. Justice Harris delivered the opinion of the court.

The appellant, Katie H. Holcomb, has filed a petition asking to be relieved from paying the costs and disbursements incurred by respondent on appeal.  In prosecuting her appeal she relied upon the rule announced in *East Side Milling Co.* v. *Wilcox,* 69 Or. 266 (138 Pac. 843), and to that extent the litigation prolonged by her was free from speculation.  Under the circumstances, which fully appear in the opinion on the merits of the cause, it is only fair and equitable that the decree rendered herein be modified so as to require the plaintiff to pay its costs and disbursements on appeal, and it is so ordered.

MODIFIED AS TO COSTS.