Argued April 15, reversed April 27, 1915.

## OREGON LUMBER & FUEL CO. *v.* HALL.

(148 Pac. 61.)

**Appeal and Error—Judgments Appealable—Default Judgment.**

1. While an appeal will lie from a void decree when taken by default, it will not lie from one which is merely voidable or erroneous.

**Mechanics' Liens—Action to Foreclose—Default Judgment—Pleading to Support.**

2. In a suit to foreclose a mechanic's lien, a default decree, foreclosing a trust company of all interest in the property, was void, where the allegation only stated it claimed some interest in the property, but failed to define it.

Mechanics' Liens—Claim—Statement of Nature of Material.

3. A notice of lien, not stating the nature of the materials furnished, was sufficient.

From Multnomah: JAMES W. HAMILTON, Judge.

Department 1.   Statement by MR. JUSTICE MCBRIDE.

The Oregon Lumber & Fuel Company, a corporation, brought a suit against May Garland Hall and others to foreclose a materialman's lien upon lot 15, block 84, in Laurelhurst Addition to the City of Portland, making the appealing defendant Title & Trust Company and the other defendants, who also claimed liens upon the property, parties.   The only allegation in the complaint as to the interest of defendants is the following:

"That said defendants, May Garland Hall, Home Construction Company, a corporation, Title & Trust Company, Laurelhurst Company, a corporation, Frank Masson, Pioneer Paint Company, Northwest Door Company, a corporation, Hawthorne Bracket Company, a corporation, Henry Brown, Nottingham & Co., a corporation, G. E. Maxwell, L. McReynolds, T. Bellinger, J. W. Butler, Geo. Blackburn, and J. Bauer, claim an interest in and to said property, and that they be required to set up such interests as they may have."

The defendants Pioneer Paint Company and Portland Hardwood Floor Company appeared and filed separate answers, which were served upon the appealing defendant Title & Trust Company; each containing substantially the same allegations in respect to the nature of appellant Title & Trust Company's claim as appeared in the original complaint.   Said appellant made default, and the case went to trial as to the other parties, resulting in decree whereby appellant Title & Trust Company was foreclosed of all interest in the

property. Subsequently it appeared and moved to open up the default, which being denied, it appeals. There is also an appeal from the original decree by May Garland Hall, but upon what ground it is taken does not appear.                        REVERSED.

For appellant and defendant Title & Trust Company, there was a brief over the names of *Messrs. Bronaugh · & Bronaugh* and *Mr. Franklin F. Korell,* with an oral argument by *Mr. Earl C. Bronaugh.*

For respondents Oregon Lumber & Fuel Company and others, there was a brief over the names of *Messrs. Sheppard & Brock* and *Mr. M. M. Matthiessen,* with oral arguments by *Mr. C. A. Sheppard* and *Mr. Matthiessen.*

For respondents Portland Hardwood Floor Company and others, there was a brief over the name of *Messrs. Lewis & Lewis,* with an oral argument by *Mr. Arthur H. Lewis.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. It is settled in this state that while an appeal will lie from a void decree when taken by default, it will not lie from one which is merely voidable or erroneous: *Smith* v. *Ellendale Mill Co.,* 4 Or. 70; *Trullenger* v. *Todd,* 5 Or. 36; *Askren* v. *Squire,* 29 Or. 228 (45 Pac. 779).

2. The decree in this case is absolutely void as to appellant Title & Trust Company. By a failure to answer it admitted the allegations of the complaint, which were that it claimed an interest in the property. There was no allegation as to the nature of the claim

or as to its rank with respect to plaintiff's demand— just the bald statement that it claimed some interest. The case of *Short* v. *Nooner,* 16 Kan. 220, is precisely in point here. Short brought a suit to foreclose a mortgage given by Fletcher and wife, and made Nooner a party by the following allegation:

"That the said defendant Nooner has, or claims to have, some interest in or lien upon said premises as described in said mortgage deed, but plaintiff is ignorant of the nature and extent thereof, and does not know whether the said defendant Nooner has at this time any subsisting lien upon said premises, and he demands proof of the same."

A decree having been rendered foreclosing all of Nooner's rights to the property, he appeared and moved to set it aside, which the District Court promptly did, on the ground that the petition did not state facts upon which any judgment could be rendered against him. On appeal to the Supreme Court Justice VALENTINE used this language, which seems unanswerable:

"But passing over all these preliminary questions, we think the decision of the court below upon the main question, and upon the merits of the case, was correct. We have already quoted all the allegations of the petition that are supposed to state any cause of action as against Nooner, and we do not think they state any such cause of action. What did Nooner admit by his default, by not answering to said petition? He merely admitted the truth of the allegation therein contained —nothing more, and nothing less. He admitted that he, 'Nooner, has or claims to have some interest in or lien upon said premises as described in said mortgage deed'; that 'plaintiff is ignorant of the nature and extent thereof, and does not know whether Nooner has at this time any subsisting lien upon said premises, and he [plaintiff] demands proof of the same.' These

allegations are certainly not sufficient to sustain or uphold any judgment. The usual allegations in cases of this kind are substantially as follows: 'That the defendant G. H. has or claims some interest in or lien upon the said real property; but the same, whatever it may be, is subject to the lien of the said mortgage.' This form is taken from 2 Estee's Pleadings and Forms, 265, No. 450. See, also, Miller's Pl. & Pr. 610, No. 208; 5 Wait's Pr. 199; 1 Nash, Pl. & Pr. (4 ed.), 737, No. 5; 2 Van Santvoord's Pl. (2 ed.), No. 55; 2 Monell's Pr. 390, No. 147; Curtis Eq. Prac. 59 to 62, Nos. 18, 19. This form of pleading, or of allegation, in this particular class of cases (as above quoted from 2 Estee's Pl. & Forms), has been held to be sufficient (*Drury* v. *Clark,* 16 How. Pr. 424; *Frost* v. *Koon,* 30 N. Y. 428, 448), and we think it is sufficient. But the form adopted by the plaintiff below we think has never been held to be sufficient by any court, and we do not think that it is sufficient. And we do not think that such a form ever was sufficient in any case, either in law or equity. Every word of the plaintiff's petition may have been true, and yet Nooner may have been the absolute owner of the property in controversy, holding the same free and clear from all encumbrances. There is no allegation in the petition that Fletcher, the mortgagor, ever owned or had any interest in the property. And Nooner claims that he himself is the owner thereof. There should have been some allegation in the petition showing that Nooner's claim to the property was junior, or inferior, to the mortgage lien of the plaintiff. And it will be noticed that the said judgment against Nooner was not a judgment barring only such rights and interests of Nooner as were subsequent to the mortgage lien, but it was a judgment that barred all of Nooner's rights and interests in and to the property."

This excerpt states so clearly the law as we view it that further comment is unnecessary.

3. It is argued upon the strength of the opinion in *East Side Mill & Lumber Co.* v. *Wilcox,* 69 Or. 266

(138 Pac. 843), that the liens of plaintiff and other claimants were defective in not stating the nature of the materials furnished. That opinion was overruled in *Oregon Lumber Co.* v. *Nolan,* 75 Or. 69 (146 Pac. 474), and in *St. Johns Lumber Co.* v. *Pritz,* 75 Or. 286 (146 Pac. 483); and upon the authority of these two cases we hold the notices of lien sufficient.

This case will be reversed and the cause remanded, with directions to permit plaintiff and the cross-complainants to amend their pleadings, showing the relative priority of their liens with respect to appellant Title & Trust Company's claim, if they desire to do so, and to permit said appellant to plead to such allegations as may affect the priority of its lien, and, to take further testimony and render a decree upon the issues as there made up. As appellant Title & Trust Company was not diligent in protecting its interests in this matter, and has thereby caused unnecessary delay, it will receive no costs on this appeal.

                                             Reversed.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice Benson concur.