[Civ. No. 5044. Second Appellate District, Division Two.—August 3, 1927.]

HAMMOND LUMBER COMPANY (a Corporation), Plaintiff and Respondent, v. J. GORDON et al., Defendants; SECURITY TRUST & SAVINGS BANK (a Corporation), Defendant and Appellant.

Lucien Gray for Appellant.

R. L. Horton for Respondent.

CRAIG, J.—This is an appeal by the executor of Gertrude E. Haweis from a judgment in an action to foreclose a mechanic's lien. Mrs. Haweis, was the owner of certain real property in Los Angeles County, California; she leased the second floor of the building thereon for a five-year period beginning May 1, 1922, to defendant Squadrilli; after making the lease Squadrilli made a written contract with the defendant Gordon for the construction of balconies in the room leased. The contract provided that the balconies were to be so constructed as to be removable at any time. The plaintiff furnished certain materials to Gordon, which were used in the construction of the balconies. Defendant Haweis had no part in ordering the materials from the plaintiff, but had knowledge that the balconies were being built.

The court found, among other things, that the plaintiff at the time it furnished the materials did not know of the lease between Mrs. Haweis and Squadrilli, nor of the written contract between her and Gordon, and that the materials were furnished without actual knowledge as to who was the owner of the premises. Neither the lease nor the contract was placed on record.

Another finding states in detail the manner in which the balconies were constructed and attached to the building. It is found that certain heavy pillars of the balconies were fastened to the walls with nine-inch bolts, and were nailed to the floor; that twenty of these posts each had one nine-inch bolt screwed into the wall of the building; nails used to fasten the posts to the floor were eight and ten penny nails; also the stringers for the stairways were fastened to the wall by five and six No. 16 screws, one-quarter inch thick by three inches long, and the stairways were then nailed to the stringers with spikes; the balconies were each seven to eight feet wide, seven feet high and seventy-five feet long.

The answer of the defendant Haweis, among other allegations, contains the statement that "any and all and every of the materials furnished to said Gordon by plaintiff were for the construction of said removable balconies as aforesaid, and not at the instance or request or by authority or on behalf of the defendant, and not for the construction of any alteration or addition or improvement or repair to said building or said premises of the defendant or any part thereof."

The question involved is whether the land of the defendant Haweis is subject to a mechanic's lien for the materials so furnished and used in the balconies. We are clear that this must be answered in the affirmative. Section 660 of the Civil Code defines a fixture as follows: "A thing is deemed to be a fixture to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws."

It cannot be doubted that in the absence of an express contract to the contrary the balconies in question were so attached to the defendant's building as to make them fixtures, or at least to require that this court sustain a decision of the trial court to that effect. It is true that the contract between Squadrilli and Gordon stipulated that the balconies were to be removable, and it appears as a matter of fact that they were removed from the building. However, since the plaintiff had neither actual nor constructive notice of the existence of this contract, it cannot be in any

way affected thereby. Aside from consideration of the contract, the owner has no defense to the plaintiff's lien, since she failed to give the notice of nonresponsibility permitted by section 1192 of the Code of Civil Procedure as a means by which an owner may protect himself against such a liability. (*Leoni* v. *Quinn,* 189 Cal. 622 [209 Pac. 551]; *Pacific Sash & Door Co.* v. *Bumiller,* 162 Cal. 664 [41 L. R. A. (N. S.) 296, 124 Pac. 230].)

Appellant argues upon the theory that since it was not intended by the parties to the contract for the building of the balconies that they should be a part of the building to which they were attached, but should be removable by Squadrilli, therefore these balconies never became alterations, additions, or improvements, and so cannot afford a right to a lien for those furnishing materials for their construction. In connection with this contention some authorities are cited, none of which are in point in the instant case. In none of them was a secret contract unknown to the materialman the basis for holding that the article built was not a fixture. In none of them was the structure in question at any time actually a part of the building to which they were claimed to be affixed.

In the case at bar the balconies when completed and when nailed and bolted to the building, were a part of that building. As the structure then stood they were an addition to it, and an improvement upon the premises. One about to furnish material for this work, acquainting himself with the plans to be used, would have known that when constructed this would be the result. Such a person cannot be deprived of his statutory and constitutional right to a lien by the concealed purpose held by those responsible for the construction. Of course it is true, as said in *Gosliner* v. *Briones,* 187 Cal. 557 [204 Pac. 19], that generally the intent of the parties is a controlling criterion in ascertaining whether property is permanently attached to the land or retains its identity as personalty. This applies between the immediate parties to a transaction, such as mortgagor and mortgagee, vendor and vendee, etc., and their successors in interest. But where, as here, the rights of a person unconnected with that transaction are concerned, and who is without actual or constructive notice concerning the intent of the parties responsible for annexing the person-

alty to the realty, the question is not so much the intent of such parties as the apparent intent as it would reasonably appear to such third person.

■ Complaint is made that the findings are defective. It is claimed that there is no finding as to whether or not the balconies were permanently attached to the building or were fixtures as defined by section 660 of the Civil Code.. The findings contained one, No. XI, above mentioned, detailing the construction of the balconies and the exact manner in which they were attached to the building. The court found as a conclusion of law that "said balconies were alterations, additions, or improvements to said building as contemplated by the law determining materialmen's liens as a conclusion of law from the foregoing facts." We think this was sufficient. Finding XI is more than a mere recital of the evidence. The manner in which the balconies were attached to the building is there established as a fact for the purposes of the decision to be by means of bolts and nails, etc. Such a means of annexation is declared by section 660 of the Civil Code to constitute a permanent attachment, which conclusion is a matter of law, and might have been stated unqualifiedly in the conclusions of law. ■ However, it is well settled that a judgment will not be reversed for error in the statement of the conclusions of law if the findings and judgment are sound; nor, for that matter, because of the absence of a finding where, as here, if such a finding had been made it would have sustained the judgment.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.