[Civ. No. 6204. Second Appellate District, Division One.—March 25, 1929.]

ARTHUR JOHNSON, Respondent, v. E. M. SMITH et al., Appellants.

'Walter L. Mann for Appellants.

W. W. Wallace for Respondent.

HOUSER, Acting P. J.—This is an appeal by the defendants from a judgment rendered against them in an action to foreclose a mechanic's lien.

Appellants urge that the claim of lien was invalid because it failed to comply with the requirement of the statute that (among other things) it contain "a general statement of the kind of work done or materials furnished." (Sec. 1187, Code Civ. Proc.) An examination of the claim of lien upon which the action depended discloses the fact that it was for "materials furnished." By section 1203 of the Code of Civil Procedure it is provided that: "No mistake or error in the statement of the demand, . . . shall invalidate the lien, unless the court finds that such mistake or error . . . was made with the intent to defraud, or the court shall find that an innocent third party, without notice, direct or constructive, has since the claim was filed, become the *bona fide* owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry in any manner."

If it be conceded that the claim of lien for "materials furnished" was defective in that it contained no

specification of the "kind" of materials, since by the findings of the trial court it does not appear that the error was made with "intent to defraud," or that an innocent third party suffered by reason of such error, it is clear that the defect is not of vital importance. Furthermore, notwithstanding the effect of some of the authorities to which appellants direct attention, it appears that even before the enactment of section 1203 of the Code of Civil Procedure, in construing an earlier and somewhat similar lien statute, the rule had been announced in the case of *McLain* v. *Hutton*, 131 Cal. 132, 136 [63 Pac. 182]; that "it was unnecessary to state specifically the kind of materials furnished or the prices of the several items." (Citing authorities.) See, also, *Jewell* v. *McKay*, 82 Cal. 144, 150 [23 Pac. 139]; *Brennan* v. *Swasey*, 16 Cal. 141 [76 Am. Dec. 507]; *Selden* v. *Meeks*, 17 Cal. 131; *Heston* v. *Martin*, 11 Cal. 41; *Davis* v. *Livingston*, 29 Cal. 283, 287. In the last-cited case it is said: "The second of the three notices is claimed to be defective for four distinct reasons, viz.: that it does not state of what the 'materials' named therein consisted; . . .

"None of these objections are well taken. The particular character of the materials need not be stated in the notice. The statute does not expressly require it, and the 'nature and extent of the claim' may be as well understood without the aid of such detail as with it." (Citing cases.)

It follows that the error of which appellants complain cannot be sustained.

Appellants specify further error in effect that the findings of fact, which were all contrary to the position assumed by appellants at the trial in the lower court, were not supported by the evidence. It would serve no useful purpose to set forth the evidence upon which the findings to which objection is here made are predicated. Suffice it to say that, on consideration of such findings with relation to the evidence adduced at the trial, it satisfactorily appears that the findings are not properly subject to said criticism.

The "materials furnished" by plaintiff consisted of hardwood flooring intended for a residence which was being constructed by a contractor for the defendants. The contract for furnishing such flooring and laying it in the building was sublet to a third person who purchased the flooring from plaintiff. On account of the defective manner in which

the flooring was laid, by order of the architect employed by the defendants, nearly all of it was torn out and other flooring laid in its place. Appellants contend that because the "materials" furnished by plaintiff were not finally used by the defendants in the construction of the building for which such materials were originally purchased, plaintiff was not entitled to maintain a lien on the premises. By some of the authorities cited by the appellants the rule is announced that where a building under construction is completely destroyed by fire the right of lien does not attach to the premises. (*Humboldt L. M. Co.* v. *Crisp*, 146 Cal. 686 [106 Am. St. Rep. 75, 2 Ann. Cas. 811, 81 Pac. 30] ; *Watson* v. *Alta Investment Co.*, 12 Cal. App. 560 [108 Pac. 48].)

In the case of *Pacific Sash & Door Co.* v. *Bumiller*, 162 Cal. 664, 666 [41 L. R. A. (N. S.) 296, 124 Pac. 230], in principle it was held that the removal from a building of materials furnished for and used in its alteration did not affect the right of lien for the value of such materials. In part the court said: " . . . However, we know of no statute or decision declaring that the removal of an alteration to a building after it is completed and used, destroys the lien which the statute gives to persons furnishing materials or labor for such alteration, even if such removal is made before the filing of the lien. If the materials are actually used in and the work actually done upon the alterations, and the change made is of such a character that it comes within the terms of the statute giving a lien for alterations upon a building, and it is completed and put to use as altered, we are of the opinion that the lien cannot be defeated by a subsequent removal of that portion of the building comprising the alterations and the restoration of the building to its original state."

In the case of *California Portland Cement Co.* v. *Wentworth Hotel Co.*, 16 Cal. App. 692, 708 [118 Pac. 103, 110], it was held that a lien was properly allowed for screen doors and windows which had been attached to the building, "and the fact that they were, for someone's convenience, taken down and piled up, would not destroy the right of lien acquired by the materialmen so furnishing them."

In the case of *Hammond L. Co.* v. *Gordon*, 84 Cal. App. 701 [258 Pac. 612], the facts were that the owner of certain real property leased the second floor of a building located

thereon to one Squadrelli, who entered into a contract with defendant Gordon for the construction of certain balconies on the leased premises, which balconies were to be so constructed as to be "removable at any time." The plaintiff furnished certain materials of which the balconies were constructed, but had no knowledge of the fact that by agreement between Squadrelli and Gordon the balconies were to be "removable." The owner of the property had no part in ordering the materials of which the balconies were constructed, but did have knowledge of the fact that they were being built. However, no notice of nonresponsibility, as provided by section 1192 of the Code of Civil Procedure, was given by the owner. Although the balconies were so constructed that, as a matter of law, they constituted fixtures (sec. 660, Civ. Code), nevertheless "it appears as a matter of fact they were removed from the building." Held, that the plaintiff was entitled to a foreclosure of a mechanic's lien on the property.

Authorities are not lacking to the effect that in order to become entitled to a lien, a materialman who furnishes material to a contractor to be used in the construction of a building is under no obligation to the owner of the premises to see that the contractor complies with the terms of his contract with the owner. (17 Cal. Jur. 20.) The syllabus in the case of *Howe* v. *Schmidt*, 151 Cal. 436 [90 Pac. 1056, 1058], which is sustained by the text of the opinion (p. 441), is that: "A materialman is not required to ascertain whether or not material ordered by a building contractor for use in a building conforms to the requirements of the agreement between the contractor and the owner. His contractual relations are solely with the contractor dealing with him, and he simply furnishes material as directed by the party with whom he contracts. He is under no legal obligation to the owner to see that the contractor complies with his contract, and so far as his right to a lien is concerned, is warranted in assuming that the contractor is fulfilling his contract with the owner. This is true, in the absence of bad faith on his part, notwithstanding he may know that material ordered may not be in all respects as provided by the written contract on file."

The authorities cited by appellants are distinguishable from those cited by respondent in that where a building un-

der construction is destroyed by fire, so far as the owner of the premises is concerned, the act by which the materials furnished by the lien claimant are destroyed is involuntary; whereas, where the owner either personally or through his agent directs the removal from the building of attached materials or fixtures furnished by a lien claimant the act is plainly voluntary. In the instant case apparently the fault of the flooring lay entirely with the manner in which it was laid—not with the boards or material of which it was constructed. That part of the work was done, not by plaintiff or by his employees, but was done by the defendants or their agents or employees. The fact that by the act of the owner of the building the "materials furnished" may have been rendered useless should not defeat the rights of an innocent materialman, who had no knowledge or notice of defective or poor workmanship in the installation of the materials.

The judgment is affirmed.

York, J., and Crail, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1929.

All the Justices present concurred.