Filed 2/27/13  Interiors by K.C. v. Wells Fargo Bank CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| INTERIORS BY K.C., INC., | |
| Plaintiff and Appellant, | E054702 |
| v. | (Super.Ct.No. RIC517931) |
| WELLS FARGO BANK, N.A., | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Paulette Durand-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Robert S. Lewin for Plaintiff and Appellant.

Pite Duncan, Diane E. Bond, and Laurel I. Handley for Defendant and Respondent.

This action was filed to foreclose on a mechanic's lien.  On March 22, 2011, the trial court sustained the demurrer of defendant and respondent Wells Fargo Bank, N.A. to plaintiff's alleged second cause of action without leave to amend.  Judgment was filed

1

and entered on July 8, 2011. Plaintiff and appellant Interiors by K.C., Inc., filed its notice of appeal on September 30, 2011.

## I.

## STANDARD OF REVIEW

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The facts pled are assumed to be true and the only issue is whether they are legally sufficient to state a cause of action. "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## II

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint was filed on January 23, 2009. The first and third causes of action are against Thomas M. Curry for breach of contract and common counts.

This case concerns only the second alleged cause of action to foreclose a mechanic's lien, which plaintiff filed against the property on October 27, 2008.

The complaint alleges that plaintiff entered into a contract with Curry to provide improvements on Curry's home in Temecula. The contract is not attached to the complaint, but the complaint alleges that the contract "provided for interior improvements, floor coverings, plumbing, tiles, lighting and cabinetry related to a residence and separate garage, pursuant to certain plans and specifications for a total contract price, after revisions and additions, of $200,000." The complaint further alleges that Curry breached the agreement by failing to pay the balance due of $34,292.

The second cause of action alleges that plaintiff recorded a mechanic's lien for $34,292, plus interest and costs, on October 27, 2008. The plaintiff seeks an order allowing plaintiff to foreclose on that mechanic's lien.

Plaintiff also alleges that defendant and KeyBank N.A. are banks that have security interests in the property and that those security interests are junior to plaintiff's mechanic's lien. Plaintiff requests a lien priority date based on the date of commencement of the project and seeks to foreclose on its mechanic's lien.

## III

## THE DEMURRER

Defendant filed its demurrer to the complaint on February 4, 2011. The demurrer alleges that the complaint fails to state a cause of action.

The accompanying memorandum of points and authorities argues that the mechanic's lien is invalid because it is not based on work that constitutes a permanent improvement to the real property.

Defendant also requested the court to take judicial notice of the recorded mechanic's lien pursuant to Evidence Code sections 452 and 453. Although not shown in the minute order, the trial court apparently did so.

Defendant relies on the description of work performed in the recorded mechanic's lien as the basis for its demurrer. The printed portion of the form states that the amount stated in the form ($34,292) is due for "the following labor, services, and/or materials furnished by claimant." Following that phrase is the handwritten insertion: "interior furnishings, accessories, freight [and] window treatments."

Based on the handwritten portion, defendant argued that plaintiff was attempting to assert a mechanic's lien for an improper purpose because the items stated were not a permanent and valuable improvement to the property.

After hearing the demurrer on March 22, 2011, the trial court issued its order sustaining the demurrer without leave to amend. Plaintiff appeals.

IV

PLAINTIFF'S ARGUMENT ON APPEAL

To demonstrate that the trial court erred, plaintiff makes three arguments:  (1) the lien is valid because the statement in the claim of lien meets the requirements of Civil Code[1] section 3084, subdivision (a)(3)[2]; (2) even if the statement in the lien is inadequate, the allegations of the work done in the complaint control over the statement of work done in the recorded lien; and (3) an error in the recorded lien in the description of work performed does not invalidate the mechanic's lien.

Turning to the first argument, section 3084, subdivision (a)(3), provides: "(a) 'Claim of lien' or 'mechanic's lien' means a written statement, signed and verified by the claimant or by the claimant's agent, containing all of the following:  [¶] . . . [¶] (3) A general statement of the kind of labor, services, equipment, or materials furnished by the claimant."

---

[1]  Unless otherwise indicated, all further statutory references are to the Civil Code.

[2]  Effective July 1, 2012, the mechanic's lien law was revised and restated in accordance with a recommendation of the California Law Revision Commission.  (37 Cal. Law Revision Com. Rep. (2007) p. 527.)

Title 15 of the Civil Code, entitled "Works of Improvement," was repealed and restated in a new Part 6, commencing with section 8000.  Section 8052, subdivision (b), states:  "[T]he effectiveness of a notice given or other action taken on a work of improvement before July 1, 2012, is governed by the applicable law in effect before July 1, 2012, and not by this part."  Section 8052, subdivision (c), states:  "A provision of this part, insofar as it is substantially the same as a previously existing provision relating to the same subject matter, shall be construed as a restatement and continuation thereof and not as a new enactment."  (See generally 10 Miller & Starr, Cal. Real Estate (3d ed. 2001) §§ 28.1, 28.28.)

Plaintiff contends that the "general statement" requirement is liberally construed, and that a mechanic's lien only needs to contain a statement that materials were furnished to the property. Plaintiff cites *Johnson v. Smith* (1929) 97 Cal.App. 752. In that case, the "general statement" requirement was construed under prior statutes. The court found that, "[i]f it be conceded that the claim of lien for 'materials furnished' was defective in that it contained no specification of the 'kind' of materials . . . it is clear that the defect is not of vital importance" because there was no intent to defraud and no innocent third party suffered because of the error. (*Id.* at pp. 753-754.)

The comparable current statute is section 8416. It is followed by new section 8422. Section 8422 is set out in full below.[3] Under that section, erroneous information does not invalidate the lien unless there was intent to defraud or harm an innocent third party.

---

[3] "(a) Except as provided in subdivisions (b) and (c), erroneous information contained in a claim of lien relating to the claimant's demand, credits and offsets deducted, the work provided, or the description of the site, does not invalidate the claim of lien.

"(b) Erroneous information contained in a claim of lien relating to the claimant's demand, credits and offsets deducted, or the work provided, invalidates the claim of lien if the court determines either of the following:

"(1) The claim of lien was made with intent to defraud.

"(2) An innocent third party, without notice, actual or constructive, became the bona fide owner of the property after recordation of the claim of lien, and the claim of lien was so deficient that it did not put the party on further inquiry in any manner.

"(c) Any person who shall willfully include in a claim of lien labor, services, equipment, or materials not furnished for the property described in the claim, shall thereby forfeit the person's lien."

Although the predecessor statute to section 8422, former section 3118, dealt only with forfeiture of a lien for certain willful misstatements, the 2012 restatement of the mechanic's lien law combined those provisions with the provisions of section 3261. The first two paragraphs of section 8411 are derived from section 3261. Thus, the statutory revision did not make substantive changes in this portion of the law. (See generally § 8052; Legis. Counsel's Dig., Sen. Bill No. 189 (2009-2010 Reg. Sess.) Stats. 2010, ch. 697; 37 Cal. Law Revision Com. Rep. (2007) p. 527.)

The statutes (including § 3261) and the cases under earlier versions of the law were in accordance with the current section 8422. (See, e.g., *Borello v. Eichler Homes, Inc.* (1963) 221 Cal.App.2d 487, 493-494; *Wand Corp. v. San Gabriel Valley Lumber Co.* (1965) 236 Cal.App.2d 855, 858-859; *Callahan v. Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 606-610; *Brooks v. Duskin* (1958) 159 Cal.App.2d 629, 633-634.) The legislative history, as discussed in a recent case, supports this view. (*Guam Resorts, Inc. v. G.C. Corp.* (2012) 2012 Guam 13.)

Defendant argues, however, that it does not question the "statutory adequacy" of the lien's general statement. Instead, it contends that the recorded mechanic's lien shows, on its face, that the lien was asserted for an impermissible purpose and is therefore void as a matter of law. Defendant therefore concludes that the claim of lien "very specifically identifies the materials provided and those materials simply cannot form the basis for a mechanic's lien."

# V

## DISCUSSION

Article XIV, section 3 of the California Constitution provides: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

The mechanic's lien law carries out this provision by requiring that the mechanic's lien (§ 8026) be done by a contractor (§ 8012) for work (§ 8048) done on a work of improvement (§ 8050). In issue here is defendant's contention that the lien does not, as a matter of law, involve alteration to a building under section 8050.

Such issues are normally determined by applying the definition of a fixture in section 660. Under that section, if a thing is permanently attached to a building it is a fixture. (10 Miller & Starr, Cal. Real Estate, *supra*, §§ 28.11, p. 28-44 ["[m]aterials must be physically incorporated into a work of improvement for a lien to attach"], 28.18.)

Without using the term "fixture," the parties extensively argue whether the items named in the mechanic's lien are permanent improvements to the home or not. For example, plaintiff argues that interior furnishings include, by dictionary definition, "fittings," and that fittings are defined as a piece of fixed equipment or furniture. Plaintiff also argues that accessories can be attached to the home under the dictionary definition. Although not mentioned by plaintiff, it could equally be argued that window

8

treatments include, for example, drapery hardware attached to the walls with nails or screws.  (See § 660.)

Defendant argues that the items listed in the lien "simply cannot form the basis for a mechanic's lien."  It argues that the term "furnishings" is defined as movable and impermanent items, and that accessories also fall within this category.  "The material supplied must be made a part of the work of improvement.  The supplier cannot have a lien if the materials remain personal property.  For instance, materials such as sound systems, carpet, flooring, wall coverings, and other furnishings may be installed in such a manner that they remain semi-movable personal property and the supplier of such materials would not be entitled to a mechanics lien . . . ."  (10 Miller & Starr, Cal. Real Estate, *supra*, § 28.11, pp. 28-44, 28-45, fns. omitted.)

We decline to resolve this argument.  In our view, the issue should not be decided on demurrer.  Plaintiff has pled that the property was improved by the materials and labor of plaintiff.  As noted *ante*, the pleading of such a statement is generally sufficient to meet the statutory requirement.  (*Johnson v. Smith*, *supra*, 97 Cal.App. 752, 753-754.)  Even if the information in the lien was wrong or inaccurate, the mechanic's lien is still valid in the absence of a showing of intent to defraud or an innocent third party is involved.  (§ 8422.)

While it is entirely proper to use judicially noticed matters to test the sufficiency of the complaint on demurrer (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 716), defendant uses the mechanic's lien description of the work to raise factual issues as to the nature of the work performed by plaintiff.  Evidence is needed to allow the trier of fact to

9

resolve these factual issues. They cannot and should not be resolved on demurrer by resorting to dictionary definitions.

The cases that concern a vague or erroneous description of the property in the mechanic's lien are analogous: "In *Union Lbr. Co. v. Simon* [(1907)] 150 Cal.751, 757-758 [89 P. 1077,1081], it is said that whether the description in any particular case is sufficient for identification is a question of fact to be determined by the jury or the court upon a consideration of the circumstances of that case; that this provision of the statute implies that evidence may be received for the purpose of determining its sufficiency, and such evidence will include the purpose for which the description is required as well as the persons who are to be affected by it; that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient; that if the description identifies the property by reference to the facts, that is, if it points clearly to a piece of property and there is no other one that will answer the description, it is sufficient." (*Credit Bureau of San Diego, Inc. v. Williams* (1957) 153 Cal.App.2d 834, 836.)

More generally, "Whether there has been substantial compliance with the statutory requirements is a question of fact that is determined by a judge, and not a jury, as an issue in equity." (10 Miller & Starr, Cal. Real Estate, *supra*, § 28.47, p. 28-162, citing *Distefano v. Hall* (1963) 218 Cal.App.2d 657, 678.)

10

We therefore find the facts pled in the complaint, which are assumed to be true, are legally sufficient to state a cause of action for foreclosure of plaintiff's mechanic's lien.  The trial court therefore erred in sustaining the demurrer without leave to amend.

## VI

## DISPOSITION

The judgment is reversed.  Appellant is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RICHLI
J.


We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.


11